Commonwealth of Pennsylvania, Department of Public Welfare *v.* Charlotte M. Young, Appellant.

Argued January 8, 1976, before Judges KRAMER, WILKINSON, JR. and MENCER, sitting as a panel of three.

*James Breslauer, with him Alan Linder,* and, of counsel, *Richard Low,* for appellant.

*Harold Dunbar,* Assistant Attorney General, with him *Paul J. Carey, Jr.,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, March 3, 1976:

Charlotte M. Young (appellant) applied for public assistance from the Department of Public Welfare (DPW) on December 13, 1974. At that time she informed DPW that her husband, from whom she was separated, was in arrears on a support order entered in the Court of Common Pleas of Lancaster County. Appellant was asked to sign a form known as "PA 173-C," which is an agreement to repay DPW in the event support payments are again forthcoming. It is the effect of this agreement on $700 subsequently paid into court by appellant's husband on February 7, 1975 which is at issue in this case.

On February 11, 1975, DPW took the PA 173-C form to the domestic relations office which accordingly paid the $700 to DPW. Appellant alleges that she is entitled to that portion of the $700 which is attributable to support payments due to her before she applied for assistance and executed the agreement. We disagree.

The hearing examiner concluded: "The 173-C requires monies from delayed support, prior to receiving assistance, are reimbursable to the Commonwealth. The language contained in the 173-C form signed by appellant speaks of assistance which has been *'granted,'* not *received."* (Emphasis in original.) Under Section 44 of the Administrative Agency Law, Act of June 4, 1945, P.L. 1388, *as amended,* 71 P.S. §1710.44, our scope of review is limited to determining whether the adjudication by DPW was in accordance with law, whether all necessary facts are supported by substantial evidence, and whether appellant's constitutional rights have been preserved.

*Earley v. Department of Public Welfare*, 13 Pa. Commonwealth Ct. 17, 317 A.2d 677 (1974). We do not find that the hearing examiner erred, as a matter of law, in determining that by signing PA 173-C appellant agreed to repay DPW from money due and payable to her prior to receiving assistance. The hearing examiner's ruling is compelled by the final sentence of the agreement which states: "It is further understood and agreed that the amount collected by the Department of Public Welfare under this authorization will not exceed the total of all amounts *including arrearages due and payable on the Support Order* during the period public assistance was received, payments are to be forwarded by the Domestic Relations Division of the Court to the Pennsylvania Department of Public Welfare, Claims Settlement Area Office." (Emphasis added.) We view these words to mean that amounts due and payable on a support order prior to receiving public assistance continue, as here, to be due and payable during the period public assistance is received. Only payment of the arrearages would eliminate the due-and-payable status of a delinquent support order.

It is clear from the record that some portion of the $700 received by DPW was attributable to arrearages due and payable *before* the period public assistance was received. According to regulation 3821.2-iii, DPW could have requested that appellant sign form PA 176-K. This form embodies an agreement to repay DPW for assistance from funds due and owing appellant *prior to* the grant of public assistance. In addition, if support payments were irregular or did not meet the full amount of the court order, DPW could have requested appellant to sign form PA 173-C (regulation 3237.311). This form is designed to allow DPW to recover support payments which become due and owing during the time a recipient receives benefits even if they are paid *after* assistance has terminated. DPW could have obtained both agreements, but PA 173-C alone protects it relative to arrear-

ages due and payable on a support order because such arrearages continue due and payable during the period public assistance is received.

Accordingly, we enter our

ORDER

Now, this 3rd day of March, 1976, the order of the Department of Public Welfare in the appeal of Charlotte M. Young is affirmed.