Betty L. Singer, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued November 4, 1977, before Judges WILKIN-SON, JR. and ROGERS, sitting as a panel of two.

*Gary A. Caldwell,* for petitioner.

*Lynne M. Mountz,* Assistant Attorney General, for respondent.

OPINION BY JUDGE ROGERS, January 4, 1978:

Betty L. Singer has appealed from an order of a Department of Public Welfare (DPW) Hearing Officer, affirming a decision of the Blair County Board of Assistance that Social Security benefits to which her minor son, Nicolas Singer, is entitled as a dependent of his father, Alvin Morrison, should be considered income of the Betty L. Singer household in which Nicolas lived, for purposes of determining what the household must pay for food stamps.

Before April 9, 1976, appellant and her three children, one of which was Nicolas, could purchase $166.00 of food stamps each month for $77.00. As of April 8, 1976, Nicolas became eligible to receive $99.50 each month in Social Security Disability Benefits from the account of his father, Alvin Morrison, who does not reside in appellant's household. Alvin Morrison re-

quested that Betty L. Singer be named representative payee for Nicolas' benefits because she had custody of the child. Before Nicolas received any Social Security benefits, Alvin Morrison informed Betty L. Singer that any benefits in excess of an amount needed for his maintenance and support would have to be set aside for Nicolas' education. A trust account for Nicolas was opened by his parents in a savings institution and Betty L. Singer, faithful to her oral arrangement with Alvin Morrison, regularly deposited in this account so much of the monthly Social Security benefit paid her as Nicolas' representative payee as she determined was not needed for his current maintenance.

The County Board decided that the whole amount of Nicolas' Social Security benefit should be considered income of the household for food stamp purposes with the result that the household's monthly cost of $77.00 for $166.00 in food stamps increased to $104.00. As a result of this determination, Alvin Morrison induced the Social Security Administration to make the payments to him as Nicolas' representative payee and continued to deposit a part of the child's benefits in the savings account.

Betty L. Singer asked for and received a fair hearing to contest the County Board's determination which caused the increase in the cost of her household's food stamps. The Hearing Officer affirmed the County Board's decision that Nicolas' benefits were to be included as household income for food stamp purposes. This appeal followed. We agree with the decision below and will dismiss Betty L. Singer's Petition for Review of the Hearing Officer's order.

We begin with the regulations of the Social Security Administration to be found at 20 C.F.R. §410.582 through §410.590. These provide for the payment of

benefits of some beneficiaries to representative payees (§410.582); require the payments to be used only for the use and benefit of beneficiary (§410.584); declare that payments used for the beneficiary's current maintenance are to be considered as having been properly applied (§410.584); authorize the deposit of benefits not needed for current maintenance in trust accounts for the sole benefit of the beneficiary (§410.585); further authorize the use of benefits not required for the beneficiary's current maintenance for the support of a legally dependent spouse, child or parent of the beneficiary (§410.587); and require the representative payee to account for the funds (§410.589). The sense of these regulations is that the benefits are to be used for the current maintenance of the beneficiary as needed and that any amount not needed for this purpose may be kept for the beneficiary's later use and benefit or may be used for the support of the beneficiary's legal dependents, including his parents.

Passing to the DPW's regulations regarding the Food Stamp Program, we note DPW-manual §3753.72 dealing with the household's income, upon which eligibility is based, which provides that "[a]ll payments received by or made on behalf of household members is income for Food Stamp purposes, except for those exclusions specified in §3753.722." It is too clear for serious argument to the contrary that Nicolas' Social Security Disability benefits under the Social Security Administration regulations were payments made on behalf of Nicolas, a member of Betty L. Singer's household and hence income under DPW-manual §3753.72, unless excluded by §3753.722. A careful examination of the myriad subsections of the last mentioned regulation discloses no exclusion for Social Security benefits, however paid.

Betty L. Singer also refers us to DPW-manual §3753.677 which says that the cash value of resources

not accessible to the household, such as irrevocable trust funds, are not to be considered in determining eligibility for food stamps. It is obvious that Nicolas' Social Security benefits are anything but inaccessible to his household. Further, DPW-manual §3753.621 provides that liquid resources, including unrestricted trust accounts, are to be considered as income.

Accordingly, we will affirm the order of the Department's Hearing Officer and dismiss the Petition for Review.

ORDER

AND Now, this 4th day of January, 1978, the order of the Department of Public Welfare Hearing Officer dated August 19, 1976 given final administrative effect August 20, 1976 is affirmed, and the Petition for Review filed by Betty L. Singer is dismissed.