Renee Carol McDaniel, Appellant *v.* Commonwealth of Pennsylvania, Department of Public Welfare.

Submitted on briefs, February 3, 1977, to Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Peter B. Macky,* for appellant.

*Michael P. McGinley,* Assistant Attorney General, for appellee.

OPINION BY JUDGE ROGERS, March 10, 1977:

Under the federal food stamp program,[1] administered in Pennsylvania by the Department of Public Welfare, certain low income households are entitled to purchase food coupons at a discount based upon the household's income. The method by which a student's eligibility for food stamps is to be calculated

---

[1] Established by the Food Stamp Act of 1964, 7 U.S.C. §2011 et seq.

is governed by Section 3754.281 of the Department of Public Welfare regulations,[2] which, in part, provides:

3754.281 *Determining Student Income*

In order to determine the adjusted monthly income for student households, the following procedure will be used:

. . . .

(2) Subtract from such total [income] all tuition and mandatory fees allowed by 3753.-723(2) (*not to include the cost of books, meals at school, transportation or supplies*) paid or expected to be paid for the period such monies are intended to cover. (Emphasis supplied.)

The questions presented on this appeal are whether this regulation is consistent with the Food Stamp Act of 1964, 7 U.S.C. §2011 et seq., and, if so, whether it violates the equal protection clause of the Fourteenth Amendment to the United States Constitution.

The appellant, Renee McDaniel, lives with her three year old daughter in low-income housing in Sunbury, Northumberland County. She is enrolled as a full-time student at Susquehanna University in Selinsgrove, Pennsylvania, but pays no tuition because she is the daughter of an employee of Bucknell University, which has a reciprocal arrangement with Susquehanna University for the remission of tuition in such a case.

In September, 1975, the appellant, who was receiving food stamps, advised the Northumberland County Board of Assistance (Board) that she had received educational grants from agencies of the State of Pennsylvania totalling $2600.00. She also received $108.00 a month in Social Security benefits payable for the support of her daughter by reason of the disability

---

[2] This regulation is based upon a United States Department of Agriculture Regulation. 45 C.F.R. §271.3 (c) (iii) (f).

of the child's father, the appellant's former husband. No income was imputed from the remission of tuition. The County Board discontinued the appellant's food stamps because the total of the grants, divided by nine,[3] and the Social Security payment exceeded the monthly limit of $300 for eligibility. The Department of Public Welfare affirmed the County Board and Mrs. McDaniel has appealed.

The appellant first says that Section 3714.281 is inconsistent with the Food Stamp Act of 1964 because its denial of deductions for cost of books, meals, transportation and supplies is contrary to Congress's intention in enacting the Food Stamp Act expressed at 7 U.S.C. §2011, to "safeguard the health and well being of the Nation's population and raise nutrition levels among low-income households." She also contends that Section 3714.281 violates the equal protection clause by making an arbitrary distinction between food stamp recipients who receive student grants and those who do not.

We are satisfied that regulation Section 3714.281 is neither contrary to Congressional intent nor unconstitutional. In any program where income level is a criterion of eligibility, there will necessarily be persons in circumstances very close to, but not within, the required standard. This wholly necessary circumstance where lines are drawn is wholly consistent with the Legislature's intention to help low-income households. Those households not within the standard of the regulation are not low-income *for purposes of the Act.*

The appellant's equal protection argument is principally based on the decision of a three judge panel in *Hein v. Burns,* 402 F. Supp. 398 (S.D. Iowa, 1975), declaring unconstitutional a Department of Agricul-

---

[3] Because the applicant attended school during nine months.

ture regulation which required the inclusion in income of travel allowances received by participants in an educational program for nurses. On January 11, 1977, a unanimous Supreme Court reversed the panel's decision. *Knebel v. Hein,* U.S. , 50 L.Ed. 2d 485 (1977).

The Supreme Court held that, although the regulation operated unfairly when actual commuting expenses equaled the amount of the transportation allowance, it was nevertheless the product of a reasonable exercise of the Secretary of Agriculture's authority to administer the food stamp program, and that his choice was not rendered invalid by the availability of the alternative of allowing specific deductions for actual commuting expenses. The court wrote:

> [T]he grant does not give a household more food purchasing power than another household which receives no grant but incurs similar nondeductible expenses related to training or employment. Moreover, nothing in the statute requires that deductions include all necessary nonfood expenditures. On the contrary, the requirement in §2016(b) that the price of the stamps shall not exceed 30% of the household's income, assumes that 70% of that income may be expended on nonfood necessities. Thus, there is a built in allowance for necessary expenses beyond the specific deductions. (footnotes omitted.) 50 L.Ed. 2d at 492.

*Knebel v. Hein, supra,* is controlling. It is apparent that a better case can be made for the impropriety of the refusal of deduction of actual transportation expenses from a grant of money for transportation than for the impropriety of the refusal of deduction for the cost of books, meals, transportation and supplies from a grant for general education expenses. The latter is this case.

ORDER

AND NOW, this 10th day of March, 1977, it is Ordered that the adjudication of the Department of Welfare, made March 5, 1976, appealed from, be and it is hereby affirmed and that the appeal herein be and it is dismissed.