Kimberley Spicer, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued March 6, 1981, before Judges ROGERS, MAC-PHAIL and PALLADINO, sitting as a panel of three.

*David Gates,* for petitioner.

*Carol A. Genduso,* Assistant Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, April 20, 1981:

Kimberley Spicer (Petitioner) appeals here from an order of the Department of Public Welfare (DPW) dated April 23, 1980, affirming the decision of the Bucks County Board of Assistance (CBA) to discontinue the Petitioner's food stamps due to excess income.

At the time this case began, the Petitioner, a full-time student at Bucks County Community College (BCCC), was receiving Aid to Families with Dependent Children (AFDC) benefits in the amount of $273.00 per month for herself and her minor daughter. She also received medical assistance benefits and $58.00 per month in food stamps. Sometime prior to February 26, 1980, BCCC notified CBA that the Petitioner would be receiving the following financial aid for the spring 1980 semester: a Basic Educational Opportunity Grant (BEOG) for $544.00, a Supplemental Educational Opportunity Grant (SEOG) for $750.00, and a grant from the Pennsylvania Higher Education Assistance Agency (PHEAA) for $250.00.[1] BCCC also submitted a list of the Petitioner's anticipated ex-

---

[1] The regulations controlling BEOG funds are found in 45 C.F.R. pt. 190 (1979). Those controlling SEOG funds are found in 45 C.F.R. pt. 176 (1979). PHEAA grants were established by the Act of January 25, 1966, P.L. (1965) 1546, 24 P.S. §5151 *et seq.*

penses for the spring semester.[2] After reviewing this information the CBA notified the Petitioner on February 26, 1980, that it proposed to discontinue her food stamps effective April 1, 1980, due to excess income. The Petitioner appealed. A hearing was held on April 14, 1980. DPW upheld the decision of the CBA. The Petitioner appealed to this Court.

Our scope of review of final orders of DPW is limited to a determination of whether the adjudication was in accordance with the law, any constitutional rights were violated, and the findings of fact were supported by substantial evidence. *Burks v. Department of Public Welfare*, 48 Pa. Commonwealth Ct. 6, 408 A.2d 912 (1979). It is well settled that "the construction of a statute by those charged with its execution and application is entitled to great weight and should not be disregarded or overturned except for cogent reasons, and unless it is clear that such construction is erroneous." *Longo Liquor License Case*, 183 Pa. Superior Ct. 504, 508, 132 A.2d 899, 901 (1957).

DPW is responsible for administering the federal food stamp program (Program)[3] in Pennsylvania. The federal regulations implementing the Program require that the income eligibility standards for the Program shall be uniform throughout, inter alia, the 48 contiguous states. 7 C.F.R. §273.9(a)(1) (1980). All of DPW's regulations in this area are, therefore,

---

[2] The anticipated expenses were:

| | |
|---|---|
| Tuition and Fees | $336.00 |
| Books and Supplies | $125.00 |
| Transportation | $450.00 |
| Child Care | $225.00 |

Sometime after this letter was written, the Petitioner was able to make other arrangements for child care and, therefore, she did not have this expense during the spring semester.

[3] The Program is administered pursuant to the Food Stamp Act of 1977, 7 U.S.C.A. §§2011-2027 (West Supp. 1980).

based on similar regulations promulgated by the United States Department of Agriculture.

The DPW's regulations concerning income requirements are found in 55 Pa. Code §523.3. This section reads in pertinent part as follows:

(a) *General income requirements.* All payments received by household members will be income for Food Stamp purposes, except for those specified in subsection (c) of this section. . . .

[This includes]

(2) *Unearned income.* . . .

. . . .

(iv) *Educational grants*—Scholarships, educational grants, fellowships, deferred payment loans for education, and educational benefits for veterans and the like in excess of amounts excluded under subsection (c)(5) of this section.

. . . .

(c) *Exluded income.* . . .

. . . .

(5) *Educational loans and grants.* [G]rants . . . to the extent that they are used for tuition and mandatory school fees at an institution of higher education, a vocational, technical, or correspondence school at a higher education level. . . . Mandatory fees are those charged to all students or those charged to all students within a certain curriculum. For example, uniforms, lab fees or equipment charged to all students in order to enroll in a chemistry course would be excluded. However, transportation, clothing, supplies, and text books even if required reading for a class, are not uniformly charged to all students and therefore, would not be excluded as mandatory fees.

. . . .

(7) *Reimbursements for expenses.* Reimbursement for past or future expenses, to the extent they do not exceed actual expenses, and do not represent a gain or benefit to the household. Reimbursements for normal household living expenses such as rent or mortgage, personal clothing, or food eaten at home are a gain or benefit and, therefore, are not excluded. To be excluded, these payments must be provided specifically for an identified expense, other than normal living expenses, and used for the purpose intended. When a reimbursement, including a flat allowance, covers multiple expenses, each expense does not have to be separately identified as long as none of the reimbursement covers normal living expenses. The amount by which a reimbursement exceeds the actual incurred expense shall be counted as income. . . . . Examples of excludable reimbursements which are not considered to be a gain or benefit to the household are:

. . . .

(iv) reimbursements or allowances to students *for specific education expenses,* such as travel or books, *but not allowances for normal living expenses, such as food, rent or clothing. Portions of a general grant or scholarship must be specifically earmarked by the grantor* for education expenses rather than for living expenses to be excludable as a reimbursement. (Emphasis added.)

55 Pa. Code §523.3.[4]

---

[4] The United States Department of Agriculture regulations for the Program are found at 7 C.F.R. §273.9.

The Petitioner argues before this Court that DPW erred in not excluding all of the Petitioner's BEOG and PHEAA grants from income for food stamp purposes. She does not contest the inclusion of her SEOG as income for food stamp purposes.

In lieu of a transcript of the hearing before DPW, the parties have submitted a stipulation of facts.[5] These parties stipulated that the Petitioner's actual expenses for the spring semester included $450.00 for transportation and $125.00 for books and supplies.

In determining the Petitioner's anticipated income for the spring 1980 semester, DPW excluded the tuition payment ($336.00 or $71.00 per month).[6] DPW did not exclude any payment for travel expenses or

---

[5] The transcript could not be certified to this Court because the tapes of the Administrative Hearing were inaudible.

[6] The CBA calculated the net income per month for food stamp purposes for the 5 month semester as follows:

Educational grants:

| | |
|---|---|
| BEOG | $544.00 |
| SEOG | $750.00 |
| PHEAA | $250.00 |
| **TOTAL** | **$1,544.00** |

| | |
|---|---:|
| ($1544÷5 = $308.80) | |
| CBA used $308.00 | $308.00 |
| Less tuition (336÷5 = $67.20) | |
| CBA used $71.00 | 71.00 |
| Income from educational grants | 237.00 |
| Public Assistance grant (AFDC) | 273.00 |
| Gross income per month | 510.00 |
| Less Standard deduction | 75.00 |
| Net income per month | $435.00 |

(There was no deduction for a shelter allowance because Petitioner's shelter costs of $214.00 per month was less than 1/2 of her net monthly income.)

books. The calculated monthly income was $435.00, which exceeded the established $403.00 monthly income ceiling for receiving food stamps for a two person household.

The Petitioner, on the other hand, argues that the BEOG and PHEAA grant were specifically earmarked by the grantor for specific education expenses and that since her education expenses exceeded the total of these two grants, the grants should have been excluded from income.[7]

Funds received from BEOG may be used for tuition and fees, room and board or an allowance for room and board if the student lives off campus, and for books, supplies, and other miscellaneous expenses. 45 C.F.R. §190.51 (1979). The regulations controlling BEOGs also permit the college to calculate and disburse BEOG funds to its students. 45 C.F.R. §190.72 (1979). The Petitioner argues that since BCCC calculated her needs,[8] the grant was specifically designated and, therefore, exempt from income for food stamp purposes. We disagree.

---

[7] The Petitioner calculates her net income per month for food stamp purposes for the five month semester as follows:

Educational grant:

| | |
|---|---|
| SEOG ($750 ÷ 5) | $150.00 |
| Public Assistance Grant (AFDC) | 273.00 |
| | |
| Gross income per month | 423.00 |
| Less standard deduction | 75.00 |
| | |
| Adjusted gross income per month | 348.00 |
| Less shelter deduction (Shelter cost of $214 less 1/2 of adjusted gross income per month [$174]) | 40.00 |
| | |
| Net income per month | $308.00 |

[8] See note 1 supra.

BEOG is a grant to help financially needy students meet their costs of post-secondary education. 45 C.F.R. §190.1 (1979). It is a general grant, in that it may be used for a variety of expenses associated with the academic year. DPW's regulations state that the *grantor* must specifically earmark portions of a general grant for education expenses rather than for living expenses. 55 Pa. Code §523.3(c)(7)(iv). Although the word "grantor" is not defined in the regulations, we hold this word to mean the organization or person that is the source of the funds. The college in no way becomes a grantor by merely acting as an administrative conduit for the disbursement of the funds, which do not come from the college's own resources.

The Petitioner further argues that the PHEAA grant was specifically designated by the law itself. The law says that the PHEAA scholarship shall be applied toward the "tuition, room, board, books and fees of [the] institution." 24 P.S. §5154(a)(6). The Petitioner argues that since the community college has no dormitories the grant could not be used for room and board and, therefore, was specifically designated for educational purposes within the meaning of 55 Pa. Code §523.3(c)(7)(iv). Again, we must disagree.

The PHEAA grant is a general education grant. The grantor, PHEAA, did not specifically earmark the funds. A specific earmarking cannot arise without some positive action on the part of the grantor. It cannot occur merely by default.

Since the Petitioner's BEOG and PHEAA grant were not specifically earmarked by the granting agencies and the grants were of a general nature, covering general living expenses as well as tuition and fees, the entire grant excluding the tuition was properly included as income for food stamp purposes.

The fact that BEOGs and PHEAA grants include living expenses within their definition of educational

expenses does not mean that the food stamp program must do the same. As Judge ROGERS writing for this Court in *McDaniel v. Commonwealth*, 29 Pa. Commonwealth Ct. 190, 370 A.2d 417 (1977)[9] stated: "In any program where income level is a criterion of eligibility, there will necessarily be persons in circumstances very close to, but not within the required standard." *Id.* at 193, 370 A.2d at 419. This is such a case.

Order affirmed.

### ORDER

AND Now, this 20th day of April, 1981, the order of the Department of Public Welfare dated April 23, 1980 affirming the decision of the Bucks County Board of Assistance to discontinue food stamps for Kimberley Spicer is hereby affirmed.

Judge WILKINSON, JR. did not participate in the decision in this case.

---

[9] In *McDaniel*, the petitioner was challenging the constitutionality (an issue not currently before us) of provisions promulgated under the Food Stamp Act of 1964, 7 U.S.C. §2011 (1976) *et seq.*, which denied deductions for costs of books, meals and transportation from general educational grants when determining income for food stamp purposes. The Court held the regulations were constitutional.