Delores Mortimer, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs May 11, 1983, to President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*Richard Moczynski,* for petitioner.

*Jean E. Graybill,* Assistant Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., December 7, 1983:

Delores Mortimer petitions for review of a Department of Public Welfare (DPW) order that denied AFDC (Assistance for Dependent Children) benefits for herself and her minor child. We affirm.

Mortimer conveyed to her son, Robert, and daughter, Bonnie, for $1.00 consideration her residential real property. Shortly thereafter, she applied at the Westmoreland County Assistance Office (CAO) for AFDC for herself and her two other children. The CAO denied this application under Pa. Code §177.23(b) on the basis that she did not receive fair consideration for her transferred property.[1] Mortimer then reapplied

---

[1] 55 Pa. Code §177.23(b)(1) provides, in pertinent part:

(1) *Resources disposed of before application.* A person who disposes of real or personal property having a value of

for AFDC, presenting cancelled checks from her son, Robert, purporting to show that she received fair consideration for the property in the form of support. She requested a hearing after her application was initially denied. By amended order, Mortimer was denied benefits with respect to herself and her minor son but was awarded benefits with respect to her 22-year-old son.[2] This appeal followed.

Our scope of review of final orders of the DPW is limited to a "determination of whether the adjudication was in accordance with the law, any constitutional rights were violated, and the findings of fact were supported by substantial evidence." *Spicer v. Department of Public Welfare,* 58 Pa. Commonwealth Ct. 558, 560, 428 A.2d 1008, 1009 (1981). 55 Pa. Code §177.23 (b)(1)(i) provides, in part:

> (i) *Determining fair consideration.* In determining fair consideration, the following guidelines will be followed:
>
> (A) In determining whether a person received fair consideration for his property, the monetary and other benefits which he received for his property will be measured against the market value of his property at the time of

---

$500 or more without fair consideration within two years immediately preceding the date of application for assistance, will be ineligible to receive assistance if he disposes of such property with the intention of defrauding the Commonwealth. . . .

Under 55 Pa. Code §177.23(b)(1)(i)(C), where the period of time between the transfer of the property and application is relatively short, a rebuttable presumption arises that applicant transferred the property with intent to defraud the Commonwealth.

[2] The Office of Hearing and Appeals amended the hearing examiner's order concluding that, under 55 Pa. Code §177.23(b), the eligibility of Mortimer's twenty-two year old son was not affected by the property transfer. The order directed that the CAO authorize benefits for the son, retroactive to Mortimer's reapplication date, August 3, 1981.

transfer less any encumbrances against the property at that time. If the applicant received at least the approximate net market value of his property, he will be deemed to have received fair consideration.

The hearing examiner erroneously interpreted this section by requiring that both Robert and Bonnie each had to contribute, in their support of Mortimer, at least one-half the value of the property transferred. By our reading, the regulation plainly requires only that the applicant *receive* fair consideration for the transferred property. It does not require that each of several transferees must give his or her proportionate share of the fair consideration.

We do not, however, reverse the order of the DPW. The hearing examiner found that Mortimer had conveyed property carrying a net worth of $3,809.97 and received in return consideration of $1,981.00 from Robert and $224.70 from Bonnie. The total *received* clearly does not constitute fair consideration. Moreover, there is substantial evidence to support the examiner's finding that Mortimer failed to prove the absence of an intent to defraud the Commonwealth.[3]

Affirmed.

## Order

The order of the Department of Public Welfare entered November 12, 1981, at No. 69,287-C, denying Assistance for Dependent Children benefits to Delores Mortimer and her minor son, is affirmed.

---

[3] The examiner noted that Mortimer provided no substantiation, other than her word, to establish that she did not intend to defraud the Commonwealth. Mortimer maintained that she transferred the property prior to a hysterectomy so that her children would have a home if she died. The examiner noted that she could have insured that her children would receive the property by means of a will or joint tenancy. Further, she could have taken advantage of the "reestablishing eligibility" provisions of 55 Pa. Code §177.23(b)(1)(ii).