525 A.2d 837

Angeline M. Feldbauer, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs March 26, 1987, to Judges MACPHAIL and COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Richard A. Masson, Northwestern Legal Services,* for petitioner.

*Jeffrey P. Schmoyer,* Assistant Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, May 11, 1987:

Angeline M. Feldbauer (Petitioner) petitions for our review of an order of the Department of Public Welfare (Department) which denied her application for cash assistance and medical assistance pursuant to 55 Pa. Code §177.23(b)(1).

Petitioner sold her home on May 25, 1983 and received net proceeds of $27,599.08. Petitioner alleges that she transferred $17,000.00 to her ex-husband, Mr. Feldbauer, in satisfaction of a post-nuptial agreement they had entered into on February 10, 1976. On June 2, 1983, Petitioner notified the Elk County Assistance Office (CAO) that she had netted $4,833.00 from the sale of her home and requested that her medical assistance and food stamps be discontinued. On September 29, 1983, having exhausted her funds, Petitioner applied to CAO for Aid to Families with Dependent Children (AFDC) assistance, medical assistance and food stamps. Petitioner supplied CAO with a "bag of receipts" totalling $4,993.87 to verify that she had in fact exhausted the proceeds from the sale of her home. CAO requested, and Petitioner provided, the settlement sheet from the sale which indicated that Petitioner had netted $27,599.08.

In attempting to confirm the existence of a post-nuptial agreement and Petitioner's transfer of $17,000.00 pursuant to it, CAO phoned Mr. Feldbauer who stated that he had not received any money from Petitioner. Shortly thereafter, in another phone conversation with CAO, Mr. Feldbauer stated that he did receive the money.

On November 2, 1983, CAO denied Petitioner's application for AFDC assistance, medical assistance and food stamps. The denial was based on CAO's conclusion that Petitioner had transferred $17,000 to Mr. Feldbauer without fair consideration and had not proved that

the dominant purpose of the transfer of funds was not to defraud the Commonwealth.[1] Petitioner filed a timely notice of appeal to which she attached two documents. One document purported to be the post-nuptial agreement between Petitioner and Mr. Feldbauer[2] and the other was a typed and notarized receipt signed by Mr. Feldbauer acknowledging receipt of $17,000 from Petitioner.

The hearing officer affirmed CAO's denial stating that because of inconsistencies in the information provided by Petitioner and her ex-husband he found their testimony to be unreliable. He therefore concluded that Petitioner had not proved by credible and reliable evi-

---

[1] 55 Pa. Code §177.23(b)(1) reads in part:

A person who disposes of real or personal property having a value of $500 or more without fair consideration within 2 years immediately preceding the date of application for assistance, will be ineligible to receive assistance if he disposed of the property with the intention of defrauding the Commonwealth. Intention of defrauding the Commonwealth means that the dominant or overriding purpose of the transaction was either to circumvent liability which would have been imposed on the property or to qualify for a cash grant.

Once it has been established that real or personal property has been disposed of without fair consideration, a rebuttable presumption is created that the transfer was for the purpose of defrauding the Commonwealth. *See Mortimer v. Department of Public Welfare*, 79 Pa. Commonwealth Ct. 24, 468 A.2d 522 (1983).

[2] This document was a handwritten note dated February 10, 1976 which stated:

I Angie Feldbauer agree to give my husband (soon to be ex-husband) Gary Feldbauer $3,200.00 when and if I sell the house at 149 Teaberry Rd. I owe him this money for expenses. I also agree to give him half of the proceeds from our house if and when I sell it. I agree to this only if he turns the house over to me.

The note was signed by Petitioner and Mr. Feldbauer.

dence that she received fair consideration for her alleged transfer of $17,000.00 to Mr. Feldbauer.

On July 31, 1984, an amended order was issued by the Department which affirmed Petitioner's ineligibility for AFDC and medical assistance, but reversed its ruling with respect to food stamps.[3] The instant appeal followed.

Petitioner's argument before this Court is simply that there is no substantial evidence to support the Department's conclusion that Petitioner did not receive fair consideration for the $17,000.00 she allegedly gave to her ex-husband. Mindful of our limited scope of review,[4] we shall examine the record to determine whether substantial evidence exists to support the Department's critical factual findings.

Substantial evidence is merely evidence which a reasonable mind can accept as adequate to support a conclusion. *Pine Haven Residential Care Home v. Department of Public Welfare,* 99 Pa. Commonwealth Ct. 1, 512 A.2d 59 (1986). Furthermore, it is the factfinder's duty and not this Court's to judge the weight and credibility of evidence, and it is not required to accept the testimony of any witness. *Department of Public Welfare v. Malinsky,* 26 Pa. Commonwealth Ct. 193, 363 A.2d 863 (1976). In the instant case, it appears that Petition-

---

[3] Inasmuch as the transfer of funds occurred more than three months prior to Petitioner's reapplication for food stamps, the Department held that eligibility was not affected thereby. *See* 55 Pa. Code §521.3(f)(1).

[4] The capricious disregard of the evidence test, which was cited to us by the Department, was recently rejected by our Supreme Court in *Estate of McGovern v. State Employes' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986). Under *Estate of McGovern,* we must affirm the adjudication unless constitutional rights have been violated, it is not in accordance with law, or critical factual findings are not supported by substantial evidence.

er's case must rise or fall based upon a finding of credibility. As we have noted, Petitioner's proof of the validity of the alleged post-nuptial agreement between her and her ex-husband was suspect from the beginning with the ex-spouse's inconsistent statements with regard to the real estate transaction. It was only as the CAO delved deeper into the transaction that hand-written documentation began to appear for the first time. In view of these circumstances, we believe the hearing examiner was justified in stating that:

> [B]ecause of the conflicting and inconsistent information supplied by the appellant [Petitioner here] and her ex-spouse to the CAO (FF # 4, 5, 8 and 9) the hearing officer judges these parties to the fair hearing not to be credible witnesses and any information they have supplied to the CAO or to the hearing officer is not reliable.

Inasmuch as Petitioner has failed to prove that the transfer of the $17,000 to her ex-spouse was for fair consideration and there is insufficient record evidence to rebut the presumption that such transfer was for the purpose of defrauding the Commonwealth, *Mortimer,* we will affirm the amended order of the Department of Public Welfare.

## ORDER

The order of the Department of Public Welfare in the above-captioned matter is affirmed.