545 Pa. 597 (1996)
682 A.2d 291
COMMONWEALTH of Pennsylvania, PUBLIC SCHOOL EMPLOYEES' RETIREMENT SYSTEM,
v.
PENNSYLVANIA SCHOOL BOARDS ASSOCIATION, INC.,
Appeals of Alvin Goldberg and the Commonwealth of Pennsylvania Public School Employees' Retirement Board.
Supreme Court of Pennsylvania.
Argued April 30, 1996.
Decided September 17, 1996.
*598 Lynne L. Wilson, Harrisburg, for appellant Goldberg.
Charles K. Serine, Harrisburg, for appellant Public School Employees' Retirement Bd.
Stephen S. Russell, Harrisburg, for Pennsylvania School Boards Ass'n, Inc.
Before FLAHERTY, ZAPPALA, CAPPY, CASTILLE and NIGRO, JJ.

*599 OPINION OF THE COURT

FLAHERTY, Justice.
This is an appeal by allowance from an order of the Commonwealth Court which reversed an order of the Public School Employees' Retirement Board (Board) granting a teacher, Alvin Goldberg, one year of service credit for the 1976-77 school year. Goldberg was a full-time salaried employee of the Pennsbury School District (District) when he and other teachers engaged in a strike for 29 days during the 1976-77 school year. In accordance with the collective bargaining agreement that ended the strike, the teachers worked for a total of only 163 days during the school year and they were paid 1/184 of their salaries for each day worked. This fraction reflects the fact that, were it not for the strike, the teachers' school year would have consisted of 184 days of work.
The District subsequently reported to the Pennsylvania School Employees' Retirement System (PSERS) that the teachers worked for 163 days during the school year. Accordingly, PSERS credited Goldberg with .91 year of service. In computing this credit, PSERS divided the 163 days worked by 180, which is the minimum number of school days in a school year under section 1501 of the Public School Code, 24 P.S. § 15-1501. This provided a larger credit than would have resulted if, instead of the number 180, the number 184 had been used to reflect the number of days that the teachers were originally scheduled to work.
Goldberg filed a claim with PSERS requesting that the .91 year credit be replaced with a full one-year credit. A petition to intervene filed by the Pennsylvania School Boards Association was then granted by the Board. Hearings on Goldberg's claim ensued.
Goldberg based his claim on a regulation promulgated by the Board pursuant to the Public School Employees' Retirement Code (Retirement Code), 24 Pa.C.S. § 8101 et seq. The regulation in question, 22 Pa.Code § 213.2(a)(1), provides in pertinent part:

*600 (1) A full-time salaried employe shall receive 1 year of credited service for each nonoverlapping period of 12 consecutive employable months for which he contributes for at least 180 full-day sessions or 1,100 hours of employment.
In short, this regulation gives full-time salaried employees one year of service credit for 1,100 hours of employment. It is undisputed that during his 163 days at work in the 1976-77 school year, Goldberg worked a total of 1,222.5 hours.
The hearing examiner determined that, under this regulation, Goldberg was entitled to a full year of service credit for the 1976-77 school year. The Board affirmed. The Commonwealth Court subsequently reversed.
The Commonwealth Court held that the regulation is contrary to section 8302(a) of the Retirement Code, and, thus, that the regulation is invalid. See Consulting Engineers Council of Pennsylvania v. State Architects Licensure Board, 522 Pa. 204, 206, 560 A.2d 1375, 1376 (1989) (administrative regulation cannot be upheld if it is contrary to the statute under which it was promulgated). In relevant part, section 8302(a) provides:
(a) Computation of credited service.  In computing credited school service of a member for the determination of benefits, a full-time salaried school employee shall receive one year of credit for each school year or the corresponding fraction thereof, in accordance with the proportion of the full school year for which the required regular member contributions have been made. A per diem or hourly school employee shall receive one year of credited service for each nonoverlapping period of 12 consecutive months in which he is employed and for which contributions are made for at least 180 full-day sessions or 1,100 hours of employment. If such member was employed and contributions were made for less than 180 full-day sessions or 1,100 hours, he shall be credited with a fractional portion of a year determined by the ratio of the number of full-day sessions or hours of *601 service actually rendered to 180 full-day sessions or 1,100 hours, as the case may be.
24 Pa.C.S. § 8302(a) (emphasis added).
The Commonwealth Court reasoned that the regulation, by allowing full-time employees a full year of credit for 1,100 hours of employment, is inconsistent with the requirement of section 8302(a) that credit be awarded "in accordance with the proportion of the full school year for which the required regular member contributions have been made." (Emphasis added.) Because the required regular member contributions were made for only 163 days of the 180 day school year, the court held that Goldberg was entitled to credit for only the corresponding fraction of the school year.
We agree that the regulation awards credit in a manner that does not take into account the proportion of the full school year that teachers worked and made contributions to the retirement fund. To provide credit for days that teachers did not work or contribute to the retirement fund would be without logical basis. Such an approach would inflate members' benefits and at the same time increase unfunded liabilities of the pension fund. Section 8302(a) therefore incorporates the simple notion that the portion of the school year for which one receives credit should correspond to the portion of the year that one in fact worked and made contributions to the fund.
For full-time salaried employees, the practical effect of the challenged regulation is to treat a "full school year" as merely 1,100 hours of employment. The Retirement Code does not define the term "full school year." It does, however, define a "school year" as the "12-month period which the governmental entity uses for purposes of administration regardless of the actual time during which a member renders service." 24 P.S. § 8102. This definition clearly contemplates that the actual time during which a member renders service may be less than 12 months per year. It does not, however, provide useful guidance as to what period, for the purpose of determining *602 credits for full-time employees under section 8302(a), should be considered a full school year.
The Retirement Code states that for per diem or hourly school employees one year of credited service will be granted for each 12 month period in which contributions are made "for at least 180 full-day sessions or 1,100 hours of employment." 24 Pa.C.S. § 8302(a), supra. In drafting 22 Pa.Code § 213.2(a)(1), the Board attempted to define a full school year for full-time employees in the same manner as the credited service year was defined for per diem and hourly employees. The Board's effort did not, however, conform to the statute.
The Retirement Code quite logically defines the credited service year for per diem and hourly employees in terms of days and hours. Indeed, it would be difficult to conceive of any other method by which the service year for such employees could be specified. The statute does not, however, apply the same definition in the context of full-time salaried employees.
Examination of section 8302(a), supra, reveals a clear distinction between full-time salaried employees and per diem or hourly employees in terms of the formulas by which their credits are to be determined. Nothing in section 8302(a) suggests a legislative intent that the same hours-based formula should be used for both types of employees. Indeed, section 8302(a) expressly indicates the contrary. By awarding credit to full-time salaried employees in proportion to the fraction of the full school year for which contributions were made, rather than in proportion to a fraction of 1,100 hours worked, section 8302(a) evidences a legislative intent that a full school year is not the same as 1,100 hours of employment. In short, the statute plainly sets a higher standard for full-time salaried employees than for per diem and hourly employees.
Nevertheless, because the Retirement Code fails to specify the exact number of days that are to be deemed a full school year, the term "full school year" as used in the Code *603 must be construed in accordance with its common usage. See 1 Pa.C.S. § 1903(a) (construction of statutory words and phrases shall be in accordance with common and approved usage); DeLellis v. Borough of Verona, 541 Pa. 3, 10, 660 A.2d 25, 28 (1995) ("Where statutory words or phrases at issue are undefined by the statute . . . this Court is required to construe the words according to their plain meaning and common usage."). The plain meaning and common usage of the term school year derives from the Public School Code, which sets at 180 the number of days that constitute a standard school year. It provides:
All public kindergartens, elementary and secondary schools shall be kept open each school year for at least one hundred eighty (180) days of instruction for pupils.
24 P.S. § 15-1501.
The Commonwealth Court did not err, therefore, in concluding that the Board's regulation defining a full school year as 1,100 hours rather than 180 days was contrary to the Retirement Code. The regulation was properly held invalid.
Order affirmed.
NIX, C.J., and NEWMAN, J., did not participate in the consideration or decision of this case.
CAPPY, J., files a dissenting opinion.
CAPPY, Justice, dissenting.
I respectfully dissent. Regulations promulgated by an administrative agency are accorded a presumption of validity and reasonableness. Hospital Association of Pa., Inc. v. Foster, 157 Pa.Commw. 363, 629 A.2d 1055 (1993); Pa. Assoc. of Rehab. Facilities v. Foster, 154 Pa.Commw. 555, 624 A.2d 270 (1993). The construction of a statute by those charged with its execution and application is entitled to great weight and should not be disregarded or overturned except for cogent *604 reasons, and unless it is clear that such construction is clearly erroneous. Spicer v. Commonwealth., D.P.W., 58 Pa.Cmwlth. 558, 428 A.2d 1008 (1981).[1] Indeed, an administrative regulation must be upheld unless it is in conflict with the statute under which it was promulgated. See Consulting Engineers Council of Pa. v. State Architects Licensure Bd., 522 Pa. 204, 206, 560 A.2d 1375, 1376 (1989). Moreover, the Board must construe the Public School Employees' Retirement Code ("Retirment Code") liberally in favor of the retiree, provided that such construction does not violate the express language of the Code. Dowler v. Public School Empl. Ret. Bd., 153 Pa. Commw. 109, 620 A.2d 639 (1993). It is with these standards in mind that the majority should have considered Appellants' claim.
The sole issue before the court is: Whether the Board's regulation at 22 Pa.Code § 213.2(a)(1) which construes a "full school year" for purposes of crediting a full time salaried member's retirement benefit under 24 P.S. § 8032(a) as being either 180 days or 1,100 hours of service is clearly erroneous and contrary to 24 P.S. § 8032? As the majority recognizes, the practical effect of the regulation is to treat a "full school year" as merely 1,100 hours of employment. (Majority at 293) The majority also correctly notes that the Retirement Code nowhere defines the term "full school year." Id. The majority also notes that the Retirement Code does define "school year" as the "12-month period which the governmental entity uses for purposes of administration regardless of the actual time during which a member renders service." 24 P.S. § 8102. The majority concludes that the Retirement Code's definition of "school year" does not, "however, provide useful guidance as to what period, for the purpose of determining credits for full time employees under section 8302(a), should be considered a full school year." Id. With all of the foregoing, I agree. *605 Moreover, I find what the majority has said in these passages to be dispositive of the issue before this court.
Insofar as Retirement Code is admittedly silent as to the definition of a "full school year," it is impossible to see how the Board's regulation, defining full school year as being either 180 days or 1,100 hours of service, can be contrary to 24 P.S. §§ 8101-8535, the statute under which the regulation was enacted generally or more specifically, contrary to 24 Pa. P.S. § 8302(a). The mere fact that § 8302(a) makes reference to awarding full time salaried employees credit in proportion to a fraction of the full school year and awarding per diem or hourly employees credit in proportion to either 180 days or 1,100 hours does not, in my opinion, evidence a legislative intent to necessarily define a "full school year" for full time salaried employees in terms other than 1,100 hours. Following the logic of the majority, the fact that the statute specifically indicates that the per diem or hourly employees are to be awarded credit in proportion to 180 days or 1,100 hours whereas full time salaried employees are to be awarded credit "for each school year or the corresponding fraction thereof", the legislature must have intended a full school year for such full time salaried employees to mean something other than 180 days. Indeed, this is the precise definition which the majority today herein adopts.[2] Such linguistic gymnastics are unnecessary to resolve this case. Viewing the matter under the deferential standard of review as set forth above, we need ask only one question: Is the regulation contrary to the statute under which it was promulgated? As the majority admits that the statute is silent as to what constitutes a full school year, and the regulatory definition is not contrary to the express *606 language of the Retirement Code, the regulation defining "full school year" should be upheld.
Finally, the majority, after rejecting the reasonable definition of "full school year" promulgated by the Retirement Board in 22 Pa.Code § 213.2(a)(1), looks to a statute other than the Retirement Code for a definition of "full school year." The majority asserts that the "plain meaning and common usage of the term school year derives from the Public School Code, which sets at 180 the number of days that constitute a standard school year." Majority op. at 603, citing 24 P.S. § 15-1501. However, this totally ignores the fact that the Public School Code also permits the Secretary of Education to define the full school year in terms of 990 hours of instruction at the secondary level and 900 hours of instruction at the elementary level. 24 P.S. § 15-1504. Additionally, I note that the 163 day school year at issue herein counted as a full school year for purposes of student advancement to the next grade; for purposes of credit for a teacher's eligibility for sabbatical leave; and for purposes of advancement by teachers on the salary schedule. That the term "full school year" can mean different things in different statutory contexts (and even within the same statutory context) and for different purposes proves to me that the Board's regulation which defines "full school year" for purposes of crediting retirement benefits, where the Retirement Code is admittedly silent as to the definition, is not unreasonable, and therefore, should not be stricken.
For the foregoing reasons, I respectfully dissent.
NOTES
[1] The Public School Employees' Retirement Board is the agency charged with the execution and application of the Public School Employees' Retirement Code, 24 Pa.C.S.A. §§ 8101-8534. Laurito v. Public School Emp. Ret. Bd., 146 Pa.Commw. 514, 606 A.2d 609, 611 (1992). See also 24 Pa.C.S.A. § 8502(h).
[2] The majority at p. 602 of the opinion states "[b]y awarding credit to full-time salaried employees in proportion to the fraction of the full school year for which contributions were made, rather than in proportion to a fraction of 1,100 hours worked, section 8302(a) evidences a legislative intent that a full school year is not the same as 1,100 hours of employment." By this logic, the fact that the statute states that a "full-time salaried employee shall receive one year of credit for each school year" (emphasis added) rather than "for each 180 days served" as the statute provides in the very next sentence for per diem or hourly employees evidences a legislative intent that a full school year is not the same as 180 days.