Franklin L. Kury, Petitioner *v.* Commonwealth of Pennslvania, State Ethics Commission, Respondent.

Argued September 15, 1981, before President Judge CRUMLISH and Judges MENCER, CRAIG, MAC-PHAIL and PALLADINO.

*Joseph K. Pierce, Tive, Hetrick & Pierce,* P.C., for petitioner.

*Sandra S. Christianson,* General Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, October 9, 1981:

On January 27, 1981, the State Ethics Commission (Ethics Commission) issued an opinion to Franklin L. Kury (Petitioner), a member of the Bar of the Supreme Court of Pennsylvania and a former member of the Senate of Pennsylvania, holding that the Petitioner could not represent any client before the Senate or the Public Utility Commission (PUC) nor perform certain other enumerated functions before those bodies for the period of one year after the expiration of Petitioner's term as a member of the Senate. The Ethics Commission found Section 3(e) of the Act of October 4, 1978 (Ethics Act), P.L. 883, 65 P.S. §403(e) to be applicable. That statutory provision reads as follows:

No former official or public employee shall represent a person, with or without compensation, on any matter before *the governmental*

*body with which he has been associated for* one year after he leaves *that body.* (Emphasis added.)

In his Petition for Review filed with this Court, Petitioner challenges the adjudication of the Ethics Commission as it applies to his activities before the PUC.

During his term of office, Petitioner served as chairperson of the Senate Consumer Affairs Committee. The Ethics Commission held that the main area of concern of that legislative committee was the PUC. In previous opinions of the Ethics Commission, it had held that a former public official who had served in the legislature could be found to have been "associated" with more than one governmental body. More specifically, the Ethics Commission said that a legislator who served as an ex officio or appointed member of a non-legislative board, commission or authority would be "associated" with that board, commission or authority, as well as with the House or Senate where he served as an elected member. The Ethics Commission went on to hold in those opinions that a legislator would also be "associated" with any department, authority, commission, etc. which was directly related to the standing committee of the legislature which the legislator chaired. Feeling that its previous rulings on those matters were correct, the Ethics Commission applied the same reasoning to Petitioner's case.

In the appeal now before us, Petitioner contends that the Ethics Commission erred in defining the PUC as a governmental body with which Petitioner was "associated" during his term of office and that previous decisions of this Court and of the Supreme Court of Pennsylvania are to the effect that Section 3(e) of the Ethics Act is unconstitutional as applied to members of the Bar of the Supreme Court of Pennsylvania.

As might be expected, the term "associated" is not defined in the Ethics Act. Our statutory mandate is that non-technical words and phrases shall be construed according to their common and approved usage. 1 Pa. C. S. §190(a). "Associate" is defined, *inter alia,* in Webster's Third New International Dictionary 132 (3d ed. 1966) as a verb as follows:

> To join often in a loose relationship as a partner, fellow worker, colleague, friend, companion or ally.[1]

As a noun, "associate" is defined, *inter alia,* in the same source as:

> One who shares with another an enterprise, business or action; a fellow worker; one who is frequently in company with another.

We simply cannot agree that under the common and approved usage of the term "associated" Petitioner can be held to have been associated with the PUC solely by reason of his chairmanship of a legislative committee that dealt with the PUC among other agencies, bureaus and commissions whose functions affected consumers. Petitioner certainly was never a partner, colleague or ally of the PUC. He was no more "associated" with that body than he was with the consumers who also appeared before his committee with regularity. Were we to hold otherwise it would mean that every committee chairperson would be bound to keep a running tabulation of every commission, bureau, authority, agency or consumer that had any contact whatsoever with the committee. It would then be up to the Ethics Commission to decide whether the regularity and extent of that contact was sufficient to conclude that the

---

[1] The Ethics Commission calls to our attention that another definition is "to keep company with" but we must observe that that is an obsolete definition.

committee chairperson was "associated" with such person or body. This, in our judgment, would be an unreasonable if not absurd result of the legislation, something the General Assembly is presumed not to have intended. 1 Pa. C. S. §1922(1).

Finally on this point, we believe that the legislative intent in this respect is clearly in accord with the result we have reached because the statutory language in Section 3(e) concludes that the bar is effective for one year after the former official retires from the "body" with which he or she has been "associated". Petitioner retired from the Senate of Pennsylvania, not the PUC.

We conclude that the interpretation of "associated" employed by the Ethics Commission is overbroad and, in our opinion, beyond the intended scope of the legislation.

Although the litigants before us were aware of the pendency of *Pennsylvania Public Utility Commission Bar Association v. Thornburgh* (138 C.D. 1981, filed September 28, 1981), in our Court, they could not have been aware of the result we reached. Accordingly, able counsel for the Ethics Commission contended that Petitioner's second argument regarding the constitutionality of Section 3(e) as applied to lawyers would largely depend upon the result we reached in the *Pennsylvania Public Utility Commission Bar Association* case. As is now known, we have held in favor of the Petitioner in that case. We deem it unnecessary to reiterate what we said there except to note that we concluded that Section 3(e) of the Ethics Act is an impermissible intrusion by the legislature into an area reserved by the Constitution to the Supreme Court of Pennsylvania and also an area where the Supreme Court has acted to regulate the conduct of attorneys. Since Petitioner here is a member of the Bar, his conduct in the rendering of

professional legal services to clients with business before the PUC is regulated by our Supreme Court. Hence the Ethics Act does not control.

Accordingly, the adjudication of the Ethics Commission must be reversed insofar as it attempts to apply the provisions of Section 3(e) of the Ethics Act to the Petitioner's representation as a lawyer of clients before the PUC.

### ORDER

AND Now, this 9th day of October, 1981, the adjudication of the State Ethics Commission, dated January 27, 1981 in the within matter is reversed insofar as it bars the Petitioner from representing clients before the PUC as a lawyer for one year after his retirement from the Senate of Pennsylvania.

CONCURRING OPINION BY JUDGE CRAIG:

I concur in the result reached, solely on the basis of the sound and rational interpretation of the term "associated" in the majority opinion.