**Paul's Plumbing & Heating Supply Co., Inc. v. Fred Hill, Sheriff of Montgomery County**

*Carl Weiss*, for plaintiff.
*John M. McAllister*, for defendant.

BROWN, *J.*, September 7, 1982—Plaintiff entered judgment by confession against one Eric L. Dull. Later a writ of execution issued directing the sheriff to levy upon the contents of Dull's shop. Dull refused the deputies entry onto the property, and, as a result, plaintiff obtained a court order directing the sheriff to break and enter, if necessary, the premises to levy upon the property. Sheriff failed in five separate attempts to levy upon the property, but did not use the break and enter order despite being refused entry. A new writ was issued upon Dull's removal to a different property, but the sheriff was once again unsuccessful in his attempts to levy, and as a result, plaintiff's judgment remains unsatisfied.

Plaintiff brings an action in assumpsit and trespass against the Sheriff, Fred Hill, alleging breach of contract and negligence in failure to successfully levy against the Dull property. Defendant pled immunity under the "Political Subdivision Tort

Claims Act" in new matter, and filed a motion for summary judgment. The motion was considered as one for judgment on the pleadings and granted. Plaintiff has appealed.

Plaintiff contends the trespass action comes within the exceptions to the Political Subdivision Tort Claims Act. This Act, as amended, is now codified at 42 Pa.C.S.A. §8545 et seq. The extent of liability of officials, such as the sheriff, is governed by 42 Pa.C.S.A. §8545 which states:

An employee of a local agency is liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties only to the same extent as his employing local agency and subject to the limitations imposed by this subchapter.

Employees of the Sheriff's Department are therefore protected from liability to the same extent as the governmental agency for which they work. Section 8541 grants general immunity to governmental agencies, subject to certain exceptions in Section 8542. Plaintiff's tort claim does not fall within any of the enumerated exceptions. The only exception which could conceivably apply is Section 8542(b)(2) which states:

(b) Acts which may impose liability.—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

(2) *Care, custody or control of personal property.* —The care, custody or control of personal property of others in the possession or control of the local agency. The only losses for which damages shall be recoverable under this paragraph are those property losses suffered with respect to the personal

property in the possession or control of the local agency.

Plaintiff argues defendant's duty and power to levy on the property pursuant to the writ of execution gave rise to a constructive "possession or control" of the personal property subject to the levy, and that its loss was caused by defendant's negligence in the care, custody, or control of that property.

In construing the terms of a statute, non-technical words must be interpreted according to their common usage. 1 Pa.C.S.A. §103(a); Wajert v. State Ethics Commission, 491 Pa. 255, 420 A. 2d 439 (1980); Commonwealth v. Hill, 481 Pa. 37, 391 A. 2d 1303 (1978); Kury v. State Ethics Commission, 62 Com. Ct. 174, 435 A. 2d 940 (1981). The term, "possession or control of personal property," connotes actual supervision or dominion over personal property. The facts here clearly show no actual possession or control. On the contrary, the failure of defendant to take actual possession or control is the gravamen of plaintiff's complaint. There was no negligence in the care of property actually possessed, but rather negligence in the failure to obtain possession.

Plaintiff's assumpsit claim also fails. Plaintiff contends a contract existed by which the sheriff's duties were performed in consideration of the fees paid. Pa.R.C.P. 3138 states:

The plaintiff shall pay to the Sheriff all costs, charges and expenses incident to the execution, the maintenance of the lien of the execution, and the preservation of the property . . .

The duties performed by the sheriff and the fees paid by plaintiff were obligations mandated by law, and did not create a contract. See, Chatham Communications, Inc. v. General Press Corp., 463 Pa. 292, 344 A. 2d 837 (1975); Restatement of Contracts

§76. Plaintiff's other assignments of error do not merit discussion.