190

Ronald M. Ream, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued September 9, 1985, before Judges Rogers and MacPhail, and Senior Judge Barbieri, sitting as a panel of three.

*Richard G. Fishman, Keystone Legal Services, Inc.,* for petitioner.

*Jean E. Graybill,* with her, *Mary Frances Grabowski,* Assistant Counsel, for respondent.

Opinion by Senior Judge Barbieri, November 26, 1985:

Ronald M. Ream petitions for review of an order of the Department of Public Welfare (DPW) which upheld a determination that he had received an overpayment of General Assistance (GA) cash benefits in the amount of $332.10 subject to recovery under 55 Pa. Code §255.4(a). We reverse.

The following facts are pertinent. Ream had been receiving GA cash benefits for himself since June 30, 1980. On February 24, 1983, the Centre County Assistance Office (CAO) notified him of its determination that he was classified as a transitionally needy person under Section 432(3)(iii) of the Public Welfare

Code, Act of June 13, 1967, P.L. 31, *as amended*, 62 P.S. §432(3)(iii), and was eligible to receive only ninety days of GA cash benefits. Ream appealed the CAO determination and contended that he qualified as chronically needy under Section 432(3)(i)(C) of the Public Welfare Code, 62 P.S. §432(3)(i)(C), in that he claimed that he was physically unable to work. The CAO continued GA cash benefits to him during the pendency of that appeal. A hearing was held on that appeal on May 25, 1983 and, on May 30, 1983, an adjudication was issued by the hearing officer which upheld the CAO determination of Ream as transitionally needy. Final Administrative Action on that appeal was taken by DPW on June 21, 1983 which affirmed the examiner's adjudication. No appeal was taken from the June 21, 1983 DPW order and Ream's GA cash benefits were terminated as of August 2, 1983.

Subsequent to his first appeal, Ream submitted verification of a work history which qualified him as chronically needy under Section 432(3)(i)(H) of the Public Welfare Code, 62 P.S. §432(3)(i)(H), as of August 22, 1983. That provision classifies as chronically needy those persons who have been previously employed full time for at least forty-eight months out of the previous eight years and have exhausted their unemployment compensation benefits prior to applying for assistance. As a result of this classification, Ream was qualified to receive GA cash benefits for twelve months out of the year. Section 432(3)(ii) of the Public Welfare Code, 62 P.S. §432(3)(ii). On October 8, 1983, the Bureau of Claim Settlement (BCS), based upon information received from the CAO, forwarded to Ream a notice of overpayment and demand for repayment for GA cash benefits he had received from April 5, 1983 through August 1, 1983 amounting to $688.00. Ream filed a timely appeal of the BCS notice and a hearing was held on May 17, 1984. On

July 12, 1984, the hearing officer issued an adjudication which sustained in part his appeal finding that DPW was limited to recovering only that part of the overpayment which was received during the ninety days after Ream had filed his March 1, 1983 appeal in that the adjudication was not issued within ninety days from the date of the appeal as required by 55 Pa. Code §§275.4(c) and (d). The examiner determined that the GA cash benefits issued after May 31, 1983 must be classified as interim assistance which is granted automatically when an appeal is not adjudicated within ninety days and was, therefore, not subject to restitution. The adjudication did, however, uphold the BCS claim for restitution of the GA cash benefits issued from April 5, 1983 through May 31, 1983 amounting to $332.10. Final Administration Action was taken by DPW on this appeal on June 18, 1984 which upheld the adjudication of the examiner.

In this appeal, Ream contends that DPW is precluded from seeking restitution of GA cash benefits paid to a claimant initially found only transitionally needy but who is later determined to be chronically needy under a different category than that under which he initially sought chronically needy status. We are aware, of course, that a public assistance applicant bears the burden of demonstrating that he or she is eligible for the benefits sought. *McCartney v. Department of Public Welfare,* 71 Pa. Commonwealth Ct. 116, 455 A.2d 222 (1983). Our scope of review of a DPW adjudication is limited to a determination of whether necessary findings are supported by substantial evidence, an error of law committed, or whether any constitutional rights of the applicant were violated. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Holloway v. Department of Public Welfare,* 67 Pa. Commonwealth Ct. 6, 445 A.2d 1329 (1982).

Ream initially argues that the DPW adjudication which found that he was not chronically needy under subsection (C) was in error in that DPW failed to give proper weight to the medical information which he provided to the CAO. He also contends that the CAO had a duty to assist him in the presentation of his case for chronically needy status and it failed to do so when the CAO allegedly failed to forward to DPW the medical information which he had provided after the hearing before the examiner while his appeal from the examiner's adjudication was pending. DPW argues that since Ream failed to appeal from its June 21, 1984 adjudication, he is collaterally estopped from challenging its determination as to his qualification for chronically needy status under subsection (C). We agree with DPW that collateral estoppel precludes Ream from collaterally attacking the determination that he did not qualify for chronically needy status under subsection (C).

For collateral estoppel to apply, four elements must be present. Those four elements are: (1) the issue decided in the prior adjudication is identical with the one presented in the later action; (2) there was a final judgment on the merits; (3) the party who is to be estopped was a party or in privity with a party to the prior adjudication; and (4) the party who is to be estopped had a full and fair opportunity to litigate the issue in question in the prior action. *Safeguard Mutual Insurance Co. v. Williams,* 463 Pa. 567, 345 A.2d 664 (1975). While Ream concedes that the second and third elements are present, he contends that the first and fourth elements are missing and that collateral estoppel does not apply. As to the first element, identity of issues, he argues that the issue in the prior adjudication was whether he qualified for chronically needy assistance due to a physical disability under subsection (C) while the issue in

the present matter is whether or not he received an overpayment of assistance. However, the determinative issue as to the overpayment is whether he was eligible for benefits at the time the payments were received, which is the same issue which was finally adjudicated in DPW's order of June 21, 1984 insofar as his eligibility under subsection (C) is concerned.

Ream also argues that he did not have a full and fair opportunity to litigate the issue of his qualification for chronically needy assistance under subsection (C) in his prior appeal. Specifically, he contends that DPW deprived him of a fair hearing by not actively assisting him in presenting his evidence and advising him of alternative grounds under which he could qualify for chronically needy assistance. We must again disagree. The record before us indicates that he was provided every opportunity to prove his eligibility under subsection (C) due to his physical inability to work. We are reminded that it is the claimant who must bear the burden of proof to show his or her eligibility for the benefits sought. *McCartney*. It is the claimant who is the primary source of information to establish eligibility for benefits and to provide verification of all eligibility factors. 55 Pa. Code §§125.21(a) and 125.24(c)(2). While DPW regulations require that caseworkers assist claimants in establishing eligibility for benefits, *see* 55 Pa. Code §§201.1(2) and 201.4(a)(1)(i), we decline to interpret those regulations as requiring DPW caseworkers to assume the role of claimant advocates mandating that they attempt to ferret out all possible avenues of establishing a claimant's eligibility for benefits sought. The primary responsibility for establishing eligibility for benefits must rest with the claimant and it is upon the claimant to request assistance from a caseworker if such assistance is needed to establish eligibility. If no such assistance is requested by a claim-

ant, the caseworker cannot be faulted for not volunteering to become a claimant advocate. Also, after his initial hearing with the examiner, the examiner provided him with an opportunity to present additional medical evidence to support his claim of physical inability to work. Ream did not provide that additional information until *after* the examiner had issued her adjudication. In addition, DPW contends that the information which he provided was also insufficient to establish his eligibility for chronically needy assistance under subsection (C). We also cannot agree with his argument that the CAO's failure to more actively assist him in the presentation of his case and to forward his documents to the DPW appeals office deprived him of a full and fair hearing on his physical disability claim.

We must now determine whether Ream's subsequent proof of eligibility for chronically needy status under subsection (H) can relate back to his initial application so as to satisfy the eligibility requirements for assistance and eliminate the overpayment. DPW concedes that had he initially applied for chronically needy assistance under subsection (H) and provided the CAO with the information he provided in August, Ream would have been found chronically needy and eligible for the benefits in question. DPW further concedes that during the pendency of his appeal of his subsection (C) claim, Ream met the requirements for chronically needy status under subsection (H) but argues that the subsequent determination of that status should not relate back to his initial appeal in that he failed to present to the CAO information as to his eligibility under that category until his appeal under subsection (C) was finalized.

It is DPW's position that Ream's subsequent qualification as chronically needy under subsection

(H) does not erase his prior ineligibility for benefits received under his subsection (C) claim. Essentially, it is DPW's interpretation of the eligibility provision of its definition of "overpayment" contained in 55 Pa. Code §255.2 as meaning when eligibility for benefits is established. Since Ream did not establish his eligibility for chronically needy GA benefits until August 22, 1983, DPW contends that he was not eligible under DPW's regulations for the assistance he received from April 5, 1983 through May 31, 1983. Accordingly, such assistance constitutes an "overpayment" under 55 Pa. Code §255.2 which may properly be recouped by the BCS. Normally, an agency's interpretation of its own regulations is entitled to controlling weight unless it is clearly erroneous or in conflict with its enabling legislation. *Wiley House v. Scanlon*, 502 Pa. 228, 465 A.2d 995 (1983). However, we are also cognizant that the Public Welfare Code is remedial legislation which we are to interpret liberally to effectuate its intent and purpose. Section 1928(c) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1928(c); cf. *DeMoss v. Metropolitan Life Insurance Co.*, 586 F. Supp. 1571 (W.D. Pa. 1984) (interpreting the Pennsylvania Unfair Insurance Practices Act, 40 P.S. §§1171.1-1171.15); *Micciche v. Unemployment Compensation Board of Review*, 75 Pa. Commonwealth Ct. 293, 461 A.2d 914 (1983) (construing the Pennsylvania Unemployment Compensation Law, 43 P.S. §§751-893).

We are of the opinion that DPW's interpretation of 55 Pa. Code §255.2 is clearly erroneous and in conflict with the intent and purpose of the Public Welfare Code. "Eligible" as used in 55 Pa. Code §255.2 is not a technical term of art and is to be construed according to its common and approved usage. Section 1903(a) of the Statutory Construction Act of

1972, 1 Pa. C. S. §1903(a); *Kury v. State Ethics Commission*, 62 Pa. Commonwealth Ct. 174, 435 A.2d 940 (1981). "Eligible" is defined as "fitted or qualified to be chosen or used: entitled to something." Webster's Third New International Dictionary 736 (1976). Here, DPW concedes that Ream met the qualifications for chronically needy assistance under subsection (H) during the pendency of his appeal under subsection (C) and that had he initially proceeded under subsection (H), he would have been found "eligible" and no claim of overpayment of benefits would have been asserted. We feel that DPW's interpretation is unduly restrictive, especially in the factual circumstances presented here. As noted by President Judge CRUMLISH in his concurring opinion in *Travis v. Department of Public Welfare*, 2 Pa. Commonwealth Ct. 110, 277 A.2d 171 (1971), *aff'd*, 445 Pa. 622, 284 A.2d 727 (1971):

> . . . all too often in the administration of the Commonwealth's programs designed to benefit its citizens, the needs of these beneficiaries give way to the strict adherence to agency policies and guidelines. The very people engaged to aid the disadvantaged are hindered in the best performance of their duties by the unnecessary rigidity of the decision making apparatus inherent in the American bureaucracy. . . . This seems especially true in the area of public assistance.
>
> The implementation of public welfare systems in this country, including that in Pennsylvania, seem premised on the philosophy that each applicant should be channeled through to receive any '*handout*' to which he or she can prove *entitlement*. This loses sight of the fact that welfare is not a 'hand-out' system but a program designed to *rehabilitate* or maintain

those persons not able to rehabilitate or main-tain themselves. By doing this, we hope to en-hance the public welfare of the *entire* nation.

But rehabilitation and economic and social stability cannot be channeled through rigid programs. It must be the purpose of every welfare agency in this country to attack and solve the problems of every disadvantaged *individual*. (Emphasis in original.)

*Id.* at 118-119, 277 A.2d at 175. *See also* Section 401 of the Public Welfare Code, 62 P.S. §401; *Felker v. Department of Public Welfare,* 50 Pa. Commonwealth Ct. 90, 411 A.2d 1297 (1980).

Accordingly, on the basis of the facts presented here, we conclude that DPW erred as a matter of law when it determined that Ream received an overpayment of benefits for GA benefits which he received from April 5, 1983 through May 31, 1983. Since DPW has conceded that Ream met the qualifications for chronically needy benefits under subsection (H) and he had an application for such benefits pending, albeit under the wrong category, DPW's determination that he was ineligible for those benefits is based upon its unduly restrictive interpretation of the definition of "overpayment" contained in 55 Pa. Code §255.2. Therefore, DPW's adjudication that Ream received an overpayment of GA benefits must be reversed.

ORDER

Now, November 26, 1985, the Order of the Department of Public Welfare at Case No. 41694, dated July 18, 1984, is hereby reversed.

---

DISSENTING OPINION BY JUDGE ROGERS:

I respectfully dissent. As the majority correctly observes, an applicant for public assistance has the

burden of demonstrating that he is eligible to receive the benefits he seeks. On February 24, 1983 the CAO determined that the petitioner was a transitionally needy person with limited right to benefits.

The petitioner appealed this determination to DPW, claiming that he was eligible to receive benefits as a chronically needy person under Section 432 (3)(i)(C) of the Public Welfare Code because he was physically unable to work. DPW continued to pay him benefits.

On June 21, 1983, DPW, entered an adjudication upholding the CAO's determination that the claimant was not eligible for benefits. The petitioner did not appeal this adjudication and, as the majority holds, the DPW's order of June 21, 1983 became final.

The petitioner later filed a verification of his work history based upon which, pursuant to Section 432 (3)(i)(H) of the Code, it was decided that he was qualified to receive benefits as of August 22, 1983.

The question here is that of whether the petitioner's submission sometime after June 21, 1983 of proof of his qualification to receive benefits as of August 22, 1983 requires a decision that he was entitled to benefits paid to him for the period April 5, 1983 through May 31, 1983, during which time he was pursuing his unfounded claim under Section 432 (3)(i)(C).

DPW's regulation at 55 Pa. Code §255.2 defines the word "restitution" as the "Recovery of assistance from a recipient who has been overpaid. Overpayment will exist when a person receives assistance for which he was not eligible." Restitution is sought in this case; since the petitioner received assistance to which he was not entitled, he was properly asked to make restitution.

I do not agree with the majority's conclusion, based only on consideration of the remedial nature

of welfare legislation, that this petitioner must be treated as having been eligible for benefits during a time prior to his submission of proof of his eligibility. The majority's order is good-natured, but in my view, it disregards DPW's regulation and DPW's interpretation of its regulation, to both of which we should give deference.