580 A.2d 436

**NATIONWIDE MUTUAL INSURANCE COMPANY, Petitioner,**

v.

**Constance B. FOSTER, Insurance Commissioner of Pennsylvania, Respondent (Two Cases).**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 6, 1990.

Decided Sept. 5, 1990.

Kevin J. Frederick, McNees, Wallace & Nurick, Harrisburg, for petitioner.

Zella M. Smith, Asst. Counsel, with her, Richard J. Enterline, Acting Deputy Chief Counsel, and Linda J. Wells, Chief Counsel, Harrisburg, for respondent.

Before COLINS and SMITH, JJ., and SILVESTRI, Senior Judge.

SMITH, Judge.

These consolidated petitions for review require this Court to determine whether an insurer may refuse to renew a policy of automobile insurance on the grounds that the insured has been involved in two automotive incidents, not necessarily resulting in injury to person or property, within a thirty-six-month period, even though the insurer has provided or was required to provide coverage for only one of the incidents. The petitioner, Nationwide Mutual Insurance Company (Nationwide), refused to renew the automobile insurance policies of James and Carol Berry (the Berrys) and John H. Hronakes (Hronakes) because each policyhold-

er, according to Nationwide, had been involved in two automobile accidents within the thirty-six-month period prior to the policy renewal date.

## I.

In the case of the Berrys, one of the policyholders struck a guardrail on August 10, 1986, sustaining $63.30 in damages. The Berrys reported the incident to Nationwide, but because the policy provided for a deductible of $250, Nationwide was not required to cover the loss. Thereafter, on October 20, 1986, one of the Berrys struck a pole resulting in damages for which Nationwide paid $436.99 under the policy. In the case of Mr. Hronakes, the policyholder's daughter lost control of the insured automobile on March 6, 1986 when the vehicle slipped on ice and slid into a median strip. The incident was reported to Nationwide although it was subsequently discovered that the vehicle sustained no damage, and thus Nationwide was not presented with a claim. Thereafter, on December 31, 1987, the policyholder's daughter was involved in an accident for which Nationwide paid $1,937 under the policy terms.

After receiving notice of non-renewal, the Berrys and Hronakes, respectively, filed requests for review with the Pennsylvania Insurance Department (Department) pursuant to the Act of June 5, 1968, P.L. 140, *as amended,* 40 P.S. §§ 1008.1–1008.11 (Act). Following an investigation on the Berrys' request for review, the Department ordered Nationwide to reinstate the policy on the grounds that Nationwide had violated Section 3(b) of the Act, 40 P.S. § 1008.3(b), which provides that "[n]o insurer shall cancel or refuse to renew a policy of automobile insurance on the basis of one accident within the thirty-six month period prior to the upcoming anniversary date of the policy." The Department found that the incident of August 10, 1986 for which Nationwide was not required to provide coverage was not an "accident" for purposes of Section 3(b) and, consequently, the Berrys had only one accident in the relevant thirty-six-month period. Accordingly, Section 3(b) prohibited Na-

tionwide from refusing to renew the Berrys' policy. The Insurance Commissioner, Constance B. Foster, (Commissioner) affirmed the Department's decision on May 15, 1989.

In similar fashion, the Department ordered Nationwide to reinstate Hronakes' policy for the same reason that the Department ordered Nationwide to reinstate the Berrys' policy, i.e., that Nationwide had violated Section 3(b). The Department found that the incident of March 6, 1986, where the vehicle skidded on ice but sustained no damage, was not an accident for purposes of Section 3(b), thus giving Hronakes only one accident for the relevant time period. The Commissioner affirmed the decision of the Department on July 27, 1989 and further fined Nationwide $1,000 for its violation pursuant to Section 11(a) of the Act, 40 P.S. § 1008.11(a). Nationwide thereupon filed petitions for review with this Court in both cases, and these petitions were consolidated upon motion of the Department.

## II.

Nationwide argues, in essence, that (1) the Commissioner erred by interpreting the word "accident" in Section 3(b) as meaning only those incidents involving automobiles where an insurer is required to pay a claim or establish reserves for a claim; (2) the Commissioner erred by finding irrelevant or incredible evidence submitted by Nationwide's employee that vehicles driven by insureds with two accidents within the preceding thirty-six months have a greater propensity for being in an accident than those who have had fewer accidents within that time period; and (3) the Commissioner erred by imposing a fine where Nationwide pursued its action in good faith and not contrary to existing law. This Court's scope of review of an order of the Insurance Commissioner is limited to a determination of whether constitutional rights have been violated, an error of law was committed, or the findings of fact were not supported by substantial evidence. *Seidman v. Insurance Commissioner,* 110 Pa.Commonwealth Ct. 401, 532 A.2d 917 (1987).

■ The Act does not define "accident." It is well established, however, that the construction of a statute by those charged with its administration and execution should not be disregarded unless clearly erroneous. *Carol Lines, Inc. v. Pennsylvania Public Utility Commission*, 83 Pa.Commonwealth Ct. 393, 477 A.2d 601 (1984). Thus, this Court will adopt the Commissioner's construction of Section 3(b) unless such construction is found to be clearly erroneous.

■ Nationwide argues that the Commissioner's restriction of the term "accident" to only those incidents where the insurer is required to pay a claim or establish a reserve for such claims is clearly erroneous and cites provisions of the Statutory Construction Act of 1972, 1 Pa.C.S. §§ 1501–1991, to support its contention. Section 1903(a) of the Statutory Construction Act, 1 Pa.C.S. § 1903(a), requires that non-technical words and phrases be construed according to "their common and approved usage." *See also Kury v. State Ethics Commission*, 62 Pa.Commonwealth Ct. 174, 435 A.2d 940 (1981). Section 1921(b) of the Statutory Construction Act, 1 Pa.C.S. § 1921(b), provides that when "the words of a statute are clear and free from all ambiguity," the letter of the statute is not to be disregarded under a "pretext" of pursuing the spirit of the statute. Nationwide contends that the common and approved usage of the term "accident" does not carry the restriction imposed by the Commissioner and that the Commissioner disregarded the common and approved usage of "accident" under the pretext of pursuing the spirit of the legislation.

The term "accident," as defined by Webster's Third New International Dictionary, unabridged (1971), carries a number of meanings or shades of meanings, both negative and positive. Any chance event would be an accident, including minor scrapes occurring to the automobile from overgrown vegetation in a driveway, the squashing of a toy left in said driveway, or the spilling of a drink or meal in the car after a sudden stop, remedied by the wipe of a rag. Can it be said that these "accidents" are the kinds of events the legislature determined an insurer may consider before cancelling

or refusing to renew an insured's policy? Further, if this Court is to read the exact letter of the law, as Nationwide contends it must, it should be noted that the Act does not refer to "automobile accidents" but more broadly to "accidents," any chance event occurring to the insured. This is not a hypertechnical evaluation, but merely an illustration of the fact that the words of Section 3(b) are not "clear and free from all ambiguity" and that the term "accident" does not have a "common and approved usage" which can be intelligently inserted into Section 3(b) to differentiate between the minor incidents illustrated above and the more major incidents resulting in a consequential injury to property or person.

In light of this circumstance, the Commissioner's construction of Section 3(b) is not only *not* clearly erroneous but appears, in fact, to be eminently reasonable. The Pennsylvania Supreme Court in *Federal Kemper Insurance Co. v. Insurance Department,* 509 Pa. 1, 500 A.2d 796 (1985), found that the Act was enacted for consumer protection purposes to protect policyholders and the public against inadvertent loss of coverage or improper cancellation of automobile insurance policies. Indeed, Section 3(a) of the Act prohibits an insurer from cancelling or refusing to renew a policy for any one or more of an extensive list of reasons, including the insured's age, race, sex, or residence, or for any "accident" which occurred under nine specifically detailed circumstances. This Court, *en banc,* has characterized these circumstances as "incidents which were not the fault of the insured, or *for which the insurer was not required to make any payment." Travelers Indemnity Co. of America v. Insurance Department,* 63 Pa.Commonwealth Ct. 542, 545, 440 A.2d 645, 646 (1981) (emphasis added). Thus it appears that if an insurer may consider any two chance events, except those listed in Section 3(a), as a basis to cancel or refuse to renew an automobile insurance policy, the legislature's intent to protect the public against the inadvertent loss of coverage or the improper cancellation of automobile insurance would be unreasonably under-

cut. Limits must be placed about the term "accident" in Section 3(b) so that the statute may fulfill its purpose. *See Pennsylvania Rural Electric Assoc. v. Pennsylvania Public Utility Commission*, 81 Pa.Commonwealth Ct. 466, 472, 473 A.2d 1134, 1137 (1984).

The limits imposed by the Commissioner reasonably comport with the intent of the legislation. As the Commissioner stated in the Berry Order and Adjudication, "Nationwide's position is nothing more than a trap for the conscientious consumer who carefully reports every mishap to his insurer, even though the incident has not caused any damage.... For [such] candor, Nationwide [would reward its conscientious insureds] by refusing to renew their automobile polic[ies]." *In re: Appeal of Nationwide Mutual Insurance Co.*, No. PI88–10–2 (Insurance Commissioner, May 15, 1989) at pp. 8–9. Accordingly, Nationwide's contention that the Commissioner erred in its construction of Section 3(b) is rejected.[1]

### III.

Nationwide next argues that the Commissioner erred by finding Nationwide's underwriting evidence not credible and irrelevant.[2] Nationwide presented its employee, Mr. Wright, as an expert on Nationwide's underwriting practices and policies. He testified that Nationwide's policyholders who have had two accidents within a thirty-six-month period are 51% more likely to have an accident the next year than policyholders with no accidents for the preceding thirty-six months and that such accidents are likely to be more severe than those involving the formerly accident-free policyholders. Nationwide contends that this evidence provides

1. Nationwide argues that this result may cause the definition of "accident" for purposes of Section 3(b) to shift in accordance with the insured's deductible amount. This argument does not, however, lead to the conclusion that the Commissioner's construction of Section 3(b) is clearly erroneous, particularly in light of this Court's pronouncements, quoted above, in *Travelers Indemnity Co.*

2. Nationwide states that the Commissioner "excluded" Nationwide's evidence. The evidence, however, was admitted and weighed.

a "good reason" not specifically set forth in Section 3 for refusing to renew the Berry and Hronakes policies pursuant to *Samilo v. Pennsylvania Insurance Department*, 98 Pa.Commonwealth Ct. 232, 510 A.2d 412 (1986).[3] Nationwide further contends that such evidence is germane to any interpretation of Section 3(b).

In light of the Commissioner's construction of Section 3(b), both the Berrys and Hronakes had, for purposes of that section, only one accident each within the relevant thirty-six-month period. Section 3(b) prohibits an insurer from refusing to renew a policy on the basis of one accident in this period. Nationwide's underwriting evidence, which is based upon *covered claims* (N.T., Berry, November 30, 1988, pp. 23–24) and thus "accidents" under Section 3(b) by the Commissioner's construction, does not provide a good reason to look beyond the clear mandate of Section 3(b) and allow an insurer to consider one accident plus any miscellaneous mishap in a thirty-six-month period as a basis for refusing to renew a policy. Moreover, there is no rational basis upon which to incorporate Nationwide's own findings into any interpretation of an Act of the legislature. Furthermore, these findings were found not to be credible by the Commissioner who as the factfinder makes credibility determinations. *Feldbauer v. Pennsylvania Department of Public Welfare*, 106 Pa.Commonwealth Ct. 87, 525 A.2d 837 (1987). *See also McDermond v. Foster*, 127 Pa.Commonwealth Ct. 151, 561 A.2d 70 (1989). Therefore, Nationwide's argument has no substance.

## IV.

■ Finally, Nationwide argues that the Commissioner abused her discretion by imposing a fine against Nationwide in the Hronakes case. Nationwide contends that the fine was arbitrarily imposed and that it was unjustified

3. In *Samilo,* this Court held that an insurer may refuse to renew an automobile insurance policy on the policyholder's admission that he had an accident while under the influence of alcohol, such circumstance being a "good reason" for refusing to renew the policy though not specifically provided for in Section 3. *Id.* at 235, 510 A.2d at 413.

where Nationwide was acting in "good faith" and not contrary to existing law. The Commissioner did not state her reasons in the Order and Adjudication for assessing the fine or why no fine was assessed in the Berry case. Section 11(a) of the Act, 40 P.S. § 1008.11(a), provides that "[a]ny individual or insurer who violates any of the provisions of this act may be sentenced to pay a fine not to exceed five thousand dollars ($5,000)." The Commissioner's fine was well within the limits of the statute and imposed within her discretion. Considering that in the Hronakes case only one incident with the insured vehicle resulted in any damage, this Court cannot conclude that the Commissioner abused her discretion in assessing a penalty under Section 11(a) for Nationwide's violation of the Act. Accordingly, Nationwide's argument in this regard must similarly fail.

For the reasons set forth above, the orders of the Commissioner in these consolidated cases are affirmed.

## ORDER

AND NOW, this 5th day of September, 1990, the orders of the Insurance Commissioner in the above-captioned matters are affirmed.

SILVESTRI, Senior Judge, dissenting.

This case arose out of the non-renewal by Nationwide Mutual Insurance Company (Nationwide) of the automobile insurance policies of James and Carol Berry (Berry) and John Hronakes (Hronakes). The reason given for non-renewal was that a car covered under each of the policies was involved in two accidents within 36 months. The Berrys had on separate occasions struck a guardrail and a pole while the Hronakes' daughter had on separate occasions slid into a median strip and rear-ended another car. It was undisputed at the hearing that Nationwide did not have to make any payments on the first accidents because in the Berry's case the amount of damage was less than the deductible and in the Hronakes' case, there was no damage. Following the hearings, the Insurance Department found

that Nationwide had violated Section 1008.3(b) of the Insurance Company Law, 40 P.S. § 1008.3(b) by cancelling the policies. The Insurance Commissioner affirmed this decision.[1] Finally, the Insurance Commissioner imposed a $1,000 fine on Nationwide in connection with the Hronakes case but not for the Berry case. Nationwide challenges both the Insurance Commissioner's application of § 1008.3(b) and imposition of the fine.

The relevant statute in question states:

No insurer shall cancel or refuse to renew a policy of automobile insurance on the basis of one accident within the thirty-six month period prior to the upcoming anniversary date of the policy.

40 P.S. § 1008.3(b)

In finding that Nationwide had violated this statute, the Insurance Commissioner interpreted "accident" as being limited to occasions when the insurer has suffered a loss through having to pay a claim or set up a reserve. Under this interpretation, if no payment was made, an "accident" under § 1008.3(b) has not occurred. Since Nationwide only had to make one payment for the Berrys and Hronakeses, the Commissioner felt that only one accident had occurred within the relevant 36–month period and that § 1008.3(b) had been violated.

Section 1903(a) of the Statutory Construction Act of 1972, 1 P.S. § 1903(a) states:

Words and phrases shall be construed according to rules of grammar and according to their common usage: but technical words and phrases and such others as have acquired a peculiar and appropriate meaning or are defined in this part, shall be construed according to such peculiar and appropriate meaning or definition.

See also In re Estate of Stegmaier, 424 Pa. 4, 225 A.2d 566 (1967); Township of Derry, Dauphin County v. Swartz, 21 Pa.Commonwealth Ct. 587, 346 A.2d 853 (1975). "Accident"

---

1. It should be noted that the Berry case was brought before the Hronakes case and a decision was not handed down until shortly before the Hronakes' hearing.

has not been defined in the statute. Therefore, if "accident" has a common meaning it must be used when interpreting the statute. The majority seems to feel that "accident" has several common meanings. However, the various definitions given for this term all essentially refer to an "accident" as encompassing an unexpected or unplanned event. This is an appropriate common meaning of the term.

Black's Law Dictionary 14 (5th ed. 1979) defines an "accident" in the insurance context as: an event happening without any human agency, or, if happening through such agency, an event which, under the circumstances, is unusual and not expected by the person to whom it happens; ... in its common signification the word means an unexpected happening without intention or design. A number of cases provide similar definitions for "accident." *See Hinkle v. H.J. Heinz Company,* 462 Pa. 111, 116, 337 A.2d 907, 910 (1975) (That which distinguishes an accident from other events is the element of being unforeseen, *quoting Lacey v. Washburn & Williams Company,* 309 Pa. 574, 578, 164 A. 724, 725 (1933)); *Springfield Township v. Indemnity Insurance Company of North America,* 361 Pa. 461, 463, 64 A.2d 761, 762 (1949) (An accident is an occurrence which proceeds from an unknown cause, or which is an unusual effect of a known cause, and hence unexpected and unforeseen, *quoting Lacey v. Washburn & Williams Company,* 309 Pa. 574, 578, 164 A. 724, 725 (1933)); *Gilbert v. Aronimink Country Club,* 214 Pa.Superior Ct. 70, 74, 251 A.2d 724, 726 (1969) (Indicates that the classic definition of "accident" is an event that takes place without one's foresight or expectation; an undesigned, sudden and unexpected event; chance; contingency.); *Lawrence v. Delmont Fuel Company,* 193 Pa.Superior Ct. 65, 69, 163 A.2d 684, 686 (1960) (Adopts Webster's definition as the common meaning of the term.); *Bethlehem Steel Corporation v. Yuhas,* 8 Pa.Commonwealth Ct. 302, 306, 303 A.2d 266, 268 (1973) (An accident is any unforeseen, untoward happening which was not to be reasonably anticipated.)

Our search of various sources reveals no indication that an accident must result in payment of a claim or setting up a reserve before it is deemed an "accident". The question then becomes one of whether the Insurance Commissioner has the power to add that restriction not envisioned by the statute. For the following reasons, that question must be answered in the negative.

Administrative law and procedure affords power to administrative agencies to interpret or construe statutes which they are called upon to administer or enforce. Their interpretations are entitled to consideration and it has even been held, to great weight. Ordinarily, administrative interpretations will be held controlling and followed unless they are clearly wrong or unauthorized. *Masland v. Bachman*, 473 Pa. 280, 374 A.2d 517 (1977); *Spicer v. Department of Public Welfare*, 58 Pa.Commonwealth Ct. 558, 428 A.2d 1008 (1981). However, administrative interpretations are not final or binding on the courts, at least where they are plainly erroneous and inconsistent with the statute.

The meaning of "accident" is clear and unambiguous when one considers that the common feature in the various definitions of the term is that the event be unplanned or unexpected. By limiting an "accident" to those occasions where an insurance company must pay a claim or set up a reserve, the Commissioner is improperly adding terms which do not exist in the statute. Courts have struck down similar attempts by agencies to add terms to statutes. *Volunteer Firemen's Relief Association of Reading v. Minehart*, 425 Pa. 82, 227 A.2d 632 (1967); *Commonwealth v. Di Meglio*, 385 Pa. 119, 122 A.2d 77 (1956); *McKinley v. State Board of Funeral Directors*, 11 Pa.Commonwealth Ct. 241, 313 A.2d 180 (1973).

Weight is only to be given to administrative interpretation when the statute is ambiguous; however, interpretations are not controlling or persuasive if the statute is clear. *In re Loeb's Estate*, 400 Pa. 368, 373, 162 A.2d 207, 211 (1960); *Federal Deposit Insurance Corporation v. Board of Finance and Revenue*, 368 Pa. 463, 84 A.2d 495 (1951).

Since the statute under consideration is unambiguous, interpretation is improper and the Commissioner's interpretation of "accident" is neither entitled to any weight nor is it persuasive.

Courts have the power to review administrative interpretations of statutes and may set aside interpretations which are the result of a "misconstruction" of a statute or which are clearly erroneous. In *Peoples Natural Gas Company v. Public Utility Commission,* 116 Pa.Commonwealth Ct. 512, 542 A.2d 606 (1988) we determined that an agency's failure to interpret a statute according to its plain-meaning was reversible abuse of discretion. The Insurance Commissioner's definition of "accident" as being limited to events where the insurance company has to pay a claim or set up a reserve is clearly erroneous, an abuse of discretion, and the addition of a restriction that is not present in the statute. As such it constitutes impermissible and unconstitutional law-making and must be reversed.[2]

Accordingly, I respectfully dissent and I would reverse the orders of the Insurance Commissioner.

2. In view of our holding, we need not determine whether Nationwide's statistical data should have been considered and also would hold that the imposition of the $1,000 fine on Nationwide was improper.