IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Subhash A. Patel, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 370 C.D. 2018 |
| | : | Submitted: November 9, 2018 |
| Department of Human Services, | : | |
| | : | |
| Respondent | : | |

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
HONORABLE ANNE E. COVEY, Judge
HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                                    FILED: April 5, 2019

Subhash A. Patel (Patel), proceeding *pro se*, petitions for review of a final administrative action order of the Department of Human Services (Department), Bureau of Hearings and Appeals (BHA) that affirmed the denial of Patel's application for cash assistance for failure to meet the categorical eligibility requirements pursuant to the Human Services Code (Code)[1] and attendant regulations. Patel contends that the BHA erred or abused its discretion by denying his application and by discriminating against him based on his age and his status as a U.S. citizen. Discerning no error, we affirm.

On October 27, 2017, Patel applied for cash assistance for himself. The Delaware County Assistance Office (CAO) rejected the application. Patel appealed. An Administrative Law Judge (ALJ) held a "face-to-face hearing" on February 5,

---

[1] Act of June 13, 1967, P.L. 31, *as amended*, 62 P.S. §§101-1503.

2018. At the hearing, a Department Income Maintenance Caseworker and Patel testified and presented evidence.

Based on the evidence presented, the ALJ found that, at the time of his application for cash assistance, Patel was 59 years old, single and had no children in his household. Patel is not blind or permanently disabled. Patel is not a refugee. On October 24, 2017, the CAO sent written notice to Patel notifying him that he is ineligible for various assistance for failure to meet the categorical requirements. ALJ Adjudication, 2/9/18, Findings of Fact (F.F.) Nos. 2-5.

The ALJ reviewed the types of cash assistance available, namely, (1) Temporary Assistance for Needy Families (TANF), (2) General Assistance, (3) State Blind Pension, (4) Supplemental Security Income (SSI), and (5) Refugee Cash Assistance, and their eligibility requirements. First, the ALJ noted that the General Assistance program was eliminated effective August 1, 2012, prior to Patel's application. As for the remaining assistance, the ALJ determined Patel did not meet the categorical requirements. The ALJ explained that Patel did not testify or present evidence of any visual impairment to qualify for the State Blind Pension; did not indicate he was a refugee to qualify for Refugee Cash Assistance; is under the age of 65 and is not disabled, therefore he does not qualify for SSI; and is not an unemployed parent caring for a child as required for TANF. Thus, the ALJ concluded that the CAO correctly determined Patel was ineligible for assistance and denied his appeal. ALJ Adjudication at 6-7.

From this decision, Patel filed an appeal with the BHA, which affirmed. Patel then petitioned this Court for review.[2]

---

[2] This Court's review of an adjudication of the BHA is limited to determining whether the adjudication is supported by substantial evidence, whether an error of law was committed, and

Patel asserts that the BHA erred or abused its discretion in denying his application for cash assistance. He claims that his application was improperly denied based on discrimination.

## A. Cash Assistance

"'[T]here is no constitutional right to receive public assistance.'" *Shaffer-Doan ex rel. Doan v. Department of Public Welfare*, 960 A.2d 500, 515 (Pa. Cmwlth. 2008) (quoting *Stanley v. Department of Public Welfare*, 535 A.2d 674, 677 (Pa. Cmwlth. 1987)); *accord Lavine v. Milne*, 424 U.S. 577, 585 n.9 (1976) (public assistance benefits "are not a fundamental right, and neither the State nor Federal Government is under any sort of constitutional obligation to guarantee minimum levels of support."). The General Assembly has a "'legitimate interest in allocating undeniably scarce social welfare resources to those considered most needy.'" *Shaffer-Doan*, 960 A.2d at 515 (quoting *Stanley*, 535 A.2d at 677). Cash assistance is a creature of statute and available only to those who establish "need of assistance and *meet all conditions of eligibility*." Section 402 of the Code, 62 P.S. §402 (emphasis added).

As to eligibility for assistance and its nature and extent, the Code provides that the Department shall establish rules, regulations and standards. Section 403(b) of the Code, 62 P.S. §403(b). Pursuant to this authority, the Department established regulations as to the types of assistance available and eligibility requirements. *See generally* 55 Pa. Code §§100.1-901.45.

Pursuant to those regulations, in Pennsylvania, a person who is in need may be eligible for one of the following kinds of cash assistance: (1) TANF in one

whether constitutional rights were violated. *Gonzalez-Carmelo v. Department of Public Welfare*, 819 A.2d 175, 180 (Pa. Cmwlth. 2003).

of its several forms; (2) General Assistance; (3) State Blind Pension; or (4) SSI. 55 Pa. Code §141.1(a). In addition, there is also cash assistance for eligible refugees. *See* 55 Pa. Code §293.1.

To qualify for cash assistance, an applicant must demonstrate eligibility. *See* 55 Pa. Code §125.21(a), (c); *Ream v. Department of Public Welfare*, 500 A.2d 1274, 1275 (Pa. Cmwlth. 1985) (an applicant for public assistance bears the burden of demonstrating that he is eligible for the benefits sought). The applicant is the primary source of information to establish eligibility for benefits and to provide verification of all eligibility factors. *Id*. at 1276; 55 Pa. Code §§ 125.21(a) and 125.24(c)(2).

We examine the eligibility requirements for each type of cash assistance.

## 1. TANF

TANF is a federally funded, state administered cash assistance program. TANF is:

> intended to be made available for families who meet the established eligibility requirements as provided for in this chapter and who have children under 18 years of age or under 19 years of age if the child is a full-time student in secondary school or the equivalent level of a vocational or technical school and reasonably expected to complete the program before reaching age 19.

55 Pa. Code §145.41. To qualify for TANF:

> [T]he child must be living with a specified relative capable of and responsible for the care and control of the child and meet the deprivation of support conditions as set forth in Section 153.41 (relating to policy) and age requirements as set forth in Section 145.43 (relating to requirements) and is receiving SSI benefits . . . .

4

55 Pa. Code §151.41. The deprivation of support or care requirements provides:

> The lack of parental support or care for the child because of unemployment refers to the employment status of the parent who is the principal wage earner. The unemployment of the principal wage earner parent, as specified in § 153.44(d), will establish the TANF category for the needy child regardless of the extent to which the other parent is employed.

55 Pa. Code §153.43(d).

Here, Patel does not claim to be a parent or caretaker relative of a minor dependent child in his household. F.F. No. 2; Certified Record, Notes of Testimony (N.T.), 2/5/18, at 11. Therefore, the BHA did not err in determining Patel is not eligible for this benefit.

## 2. General Assistance

Next, the General Assembly eliminated the General Assistance program for cash benefits effective August 1, 2012. Section 403.2 of the Code, added by the Act of June 30, 2012, P.L. 668, 62 P.S. §403.2. Although the Supreme Court, in *Washington v. Department of Public Welfare*, 188 A.3d 1135 (Pa. 2018), declared that Section 403.2 was unconstitutional, at the time that Patel applied for and was denied General Assistance, there was no General Assistance program in effect. Consequently, the BHA did not err in determining General Assistance was not available to Patel.[3]

## 3. State Blind Pension

Article V of the Code, 62 P.S. §§501-515, "provides a pension to blind residents of this Commonwealth." 55 Pa. Code §451.1. To receive State Blind Pension benefits, the applicant must be blind based on age and visual acuity

---

[3] We do not comment on Patel's eligibility for General Assistance should he choose to reapply for this restored benefit.

requirements. Section 502 of the Code, 62 P.S. §502; 55 Pa. Code §451.1. An individual who is at least twenty-one (21) years of age with visual acuity of 3/60 or 10/200 or poorer in the better eye (with best correcting lens), may be considered for State Blind Pension benefits. 55 Pa. Code §451.3. Patel is not legally blind. F.F. No. 3. Therefore, he is not eligible for this benefit.

## 4. SSI

SSI is a federal benefit administered by the Department for persons who are over age 65, blind or disabled and who do not have sufficient income. 20 C.F.R. §416.110; Section 432(2) of the Code, 62 P.S. §432(2); 55 Pa. Code §299.1. For SSI eligibility, an applicant must meet federal Social Security Administration requirements, namely aged 65 or older, blind or disabled. *See* 20 C.F.R §416.110; 20 C.F.R. §416.202(a); 62 P.S. §432(2); 55 Pa. Code §§299.1, 299.36.

At the time Patel applied for benefits, he was only 59 years of age. F.F. No. 2; N.T. at 13. Thus, he was not eligible by virtue of his age. Patel does not claim to be disabled or blind. F.F. No. 3. Consequently, the BHA did not err in determining Patel did not qualify for SSI.

## 5. Refugee Cash Assistance Program

Lastly, "[t]he administration of the Refugee Assistance Program is governed by Federal regulations found at 45 C.F.R [§§]400.1-400.62, [§§]400.200-400.300, §401.2 and §401.12 . . . ." 55 Pa. Code §293.1. Pursuant to those regulations, a "refugee" is defined as a person who cannot return to his country of nationality for certain, enumerated reasons. 45 C.F.R. §400.2; *see* 8 U.S.C. §1101(a)(42). Eligibility for refugee cash assistance is limited to persons who:

6

(1) Are new arrivals who have resided in the U.S. less than the [Refugee Cash Assistance (RCA)] eligibility period determined by the [Office of Refugee Resettlement (ORR)] Director in accordance with § 400.211;

(2) Are ineligible for TANF, SSI, [Old Age Assistance (OAA)], [Aid to the Blind (AB)], [Aid to the Permanently and Totally Disabled (APTD)], and [Aid to Aged, Blind and Disabled (AABD)] programs;

(3) Meet immigration status and identification requirements in subpart D of this part or are the dependent children of, and part of the same family unit as, individuals who meet the requirements in subpart D, subject to the limitation in §400.208 with respect to nonrefugee children; and

(4) Are not full-time students in institutions of higher education, as defined by the Director.

45 C.F.R. §400.53.

Patel is not a refugee. F.F. No. 4. In fact, Patel identifies himself as a naturalized U.S. citizen, who has worked in this country since May 1987. Petitioner's Brief at 1. Because Patel is not a refugee, he is not entitled to Refugee Assistance. Upon review, Patel failed to satisfy any of the criteria for cash assistance. Thus, the BHA did not err by affirming the denial of his application.

### B. Discrimination

In addition, Patel claims that the denial of his application was based on discrimination, and he attempts to assert an equal protection claim. According to Patel, he has been discriminated against based on his age and his status as a U.S. citizen. He claims that the ALJ did not address his discrimination claims in the opinion.

Although age discrimination may form the basis of an equal protection claim, such a case is difficult to make because the government "may discriminate on the basis of age without offending the Fourteenth Amendment if the age classification in question is rationally related to a legitimate state interest." *Kimel v. Florida Board of Regents*, 528 U.S. 62, 83 (2000). Indeed, "an age classification is presumptively rational." *Id.* at 84. So long as the statutory classification has some "reasonable basis," it is not constitutionally offensive even where in practice it results in some inequality. *Danbridge v. Williams*, 397 U.S. 471, 485 (1970).

The federal government has determined that persons aged 65 and older are categorically needy. 20 C.F.R. §416.202; *see Woods v. Gardner*, 286 F.Supp. 648, 651 (W.D. Pa. 1968) (purpose is to provide income for ordinary and necessary living expenses to persons of advanced years who would otherwise be obliged to work to obtain them); *see also* 42 U.S.C. §301 (enabling states to furnish financial assistance to aged needy individuals); 45 C.F.R. §233.39(a) (a state plan may not impose any age requirement of more than 65 years). The age requirement provides an objective standard for determining a person's eligibility for SSI and is uniform throughout all 50 states. 20 C.F.R. §416.110(a), (d). The age requirement is rationally related to a valid legislative objective of providing income assistance to persons of advanced years. Thus, there is no denial of equal protection of the law on the ground that persons aged 65 and older are treated differently than those under that age for SSI eligibility.

At the time Patel filed his Application, he was only 59 years old. Federal and state law compelled the denial of Patel's application because he did not meet the age criteria to qualify for cash assistance. Insofar as Patel claims that he is a victim of age discrimination *in his employment*, such allegations are irrelevant to

cash assistance eligibility. Although the ALJ did not address the issue of age discrimination in her opinion,[4] she did explain to Patel at the hearing that his alleged job discrimination was irrelevant to his eligibility for cash assistance. N.T. at 13-14, 16.

To the extent that Patel now asserts discrimination based on his status as a U.S. citizen, Patel did not raise this claim before the BHA nor develop this issue in his brief. Consequently, the issue is waived. *See Commonwealth v. Smyrnes*, 154 A.3d 741, 748 (Pa. 2017) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived"); *In re E.A.*, 82 A.3d 370, 374 (Pa. 2013) (failure to preserve an issue before the ALJ constitutes waiver of the issue on appeal). Even if the issue was preserved for our review, the classification is rationally related to the government's legitimate interest in providing for the effective resettlement of refugees and in assisting them to achieve economic self-sufficiency as quickly as possible. *See* 45 C.F.R. §400.1(b). Thus, his equal protection claim based on his nonrefugee status would also fail.

Accordingly, we affirm.

_____
MICHAEL H. WOJCIK, Judge

---

[4] The ALJ did set forth Patel's position regarding age discrimination in her opinion, but did not address the issue in her analysis. ALJ Adjudication, 2/9/18, at 4.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Subhash A. Patel,             :
                                      :
                   Petitioner    :
                                        :
                  v.            :    No. 370 C.D. 2018
                                        :
Department of Human Services,    :
                                        :
                 Respondent :

## O R D E R

AND NOW, this 5<u>th</u> day of <u>April</u>, 2019, the order of the Department of Human Services, Bureau of Hearings and Appeals, dated February 13, 2018, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge